G. F. LEE ET UX. v. W. H. M. HAILE.

Decided October 17, 1908.

**1.—Vendor and Vendee—Rescission—Expression of Opinion—Statement of Facts.**

Where one in making a trade, expresses a mere opinion with no intent to deceive, the party to whom it is made has no right to rely thereon. It is otherwise where a party intentionally expresses an opinion which is calculated to deceive by reason of the circumstances that surround the parties or transaction, or if he makes a positive affirmation that is false and upon which a party is, from the surroundings, authorized to rely and does rely, the party injured thereby is entitled to relief, and it is immaterial whether or not the statement was made in good faith.

**2.—Same—Rule Applied.**

In a suit to rescind an executed contract for the purchase of land wherein the vendor alleged and the evidence tended to show that his alleged false representations as to the title were mere expressions of opinion made in good faith, it was error for the trial court to refuse to submit such issue to the jury.

Appeal from the District Court of Comanche County. Tried below before Hon. N. R. Lindsey.

*Geo. E. Smith,* for appellants.—In a suit for a rescission of an executed contract, brought by the purchaser, upon the alleged grounds of fraudulent representations by the vendor, where the proof shows that the vendor furnished the purchaser with the same means of information possessed by himself, and that the only representations made by the vendor were the expression of an opinion made in good faith, there is no fraud, even though such opinion be untrue and the purchaser relied thereon. Hawkins v. Wells, 17 Texas Civ. App., 360; Jackson v. Stockbridge, 29 Texas, 399; Walton v. Reager, 20 Texas, 109; Spence v. Duren, 3 Ala., 251.

*Goodson & Goodson,* for appellee.—Wherever a party makes representations to induce another one to enter into a contract, and the representations are material to the matter in hand, and the contract is induced thereby under a belief and reliance upon the truth thereof, then it makes no difference whether the party making them did not know at the time whether they were true or not. Mitchell v. Zimmerman, 4 Texas, 80; Wintz v. Morrison, 17 Texas, 383; Henderson v. San Antonio & M. G. Ry. Co., 17 Texas, 577; Loper v. Robinson, 54 Texas, 514; Culbertson v. Blanchard, 79 Texas, 492; Cord Collins Commerce Co. v. Levi, 21 Texas Civ. App., 109.

PRESLER, ASSOCIATE JUSTICE.—This suit was brought by appellee to rescind a purchase of land on the alleged ground of fraud. It was alleged in his petition that appellee parted with $1,240 upon the strength of certain fraudulent representations made by the appellants, in that it is alleged that about January 30, 1905, appellants represented to appellee, W. H. M. Haile, in effect, that they owned a certain 160 acres of land out of the Jesse Humphries survey in Eastland County, Texas, and that they had an absolute and perfect title thereto, and that the deed

of conveyance which appellants would make would invest the appellee with an absolute and indefeasible title thereto. It is further alleged that appellee relied upon said representations, and that, in truth, the appellants had no title to said land, and that the appellee had been sued for said land in the District Court of Eastland County, Texas, and claiming that the superior title was in the party who had thus brought suit. Appellee further alleged that said $1,420 was afterwards invested by the appellants in certain land situated in Comanche County, Texas, the title thereto being invested equally in the appellants and one E. W. Lee, he owning one-half interest in the said land. Appellee asked that the sale of said Eastland County land be rescinded, and that he have judgment against appellants for the said $1,240, and have adjudged an equitable lien on said Comanche County land as to the half owned by appellants, and that the same be sold to satisfy said judgment.

Appellants answered by general demurrer and special exception, and also by general denial, and specially pleading that appellee was in no way misled by appellants, and that he had every opportunity of knowing the condition of the title that they had, and that appellee informed himself as to the condition of the title before he made the said purchase, and in said investigation and obtaining said information the appellee ascertained the true condition of the title, or that, if he did not do so, that he could have done so by the exercise of diligence, and that it was his fault if he did not know the condition of the title at the time he purchased said land. And that whatever statements appellants made in regard to the title were only expressions of opinion, made in good faith, and that appellants informed appellee before the purchase that he had never had the title examined.

Trial before a jury resulted in a verdict for the plaintiff for rescission of said purchase, and a judgment against appellant, G. F. Lee, for $1,245, and adjudging and foreclosing an equitable lien upon the interest of appellants in said Comanche County land and ordering the same to be sold.

Appellants in due time filed their motion for a new trial, which was by the court overruled, to which action of the court they duly excepted, and in open court gave notice of appeal to this court, and assign numerous errors which will not here be consecutively considered.

*Opinion.*—We are of the opinion that appellants' objections to the sufficiency of appellee's petition, as set forth in his first and second assignments of error, are not well taken, and that appellee's petition in all material respects properly alleged such fraud as, if found to be proven, would have avoided the transaction complained of and entitled him to the relief sought, and that the court did not err in overruling appellants' general and special demurrers.

Appellants, in their third assignment, complain of the refusal of the court to give the following requested special charge: "If you should find that plaintiff had the same means at hand of knowing the condition of the title that defendant G. F. Lee had, and if you should further find that plaintiff resorted to such source of information, if any there was, and undertook to investigate the title for himself or to have it done, and if you should find that the means or source of information so

furnished defendant in fact disclosed the true condition of the title of the said defendant G. F. Lee to said Eastland County land, then you are instructed that plaintiff could not recover in this case." We are of opinion that the court did not err in refusing to give this special charge, in that it was not the law of the case, and because the issue, so far as made, as to whether or not appellee had the means of knowing, or undertook to discover for himself, the condition of the title proposed to be conveyed him, or relied upon the representations of appellant Lee, was fully covered by the general charge of the court.

Appellants' fourth assignment of error complains of the court's refusal to give appellants' special charge No. 2, as follows: "If you find from the evidence that the defendant G. F. Lee made any representations or statements to the plaintiff in regard to the title to the Eastland County land prior to or at the time of executing his deed therefor to plaintiff and the payment of the purchase money, and if you should further find that such statements, if any, made by defendant G. F. Lee to plaintiff in regard to said title were the mere expressions of an opinion or belief by said G. F. Lee to plaintiff that his title was good, and if you should further find that the said G. F. Lee honestly believed the title to be good, and if you should further find that plaintiff's means of knowing or ascertaining the condition of the title was equal to that of defendants, and if you should further find that defendant directed plaintiff, or that plaintiff resorted to such means or sources of information that defendant had, and undertook to make an investigation from such source of information for himself or to have it done, then in such event the plaintiff would not be entitled to recover in this case, although he may have relied on the representations of the plaintiff (defendant)." We are of opinion that this assignment should be sustained, and that, in view of the issues made, the evidence in the case, and the general charge given, the error complained of was so material as to require that this case be here reversed and remanded.

The issue as to whether the statements and representations made by appellant G. F. Lee, in reference to the condition of his title, were merely expressions of opinion, or were, on the contrary, affirmative statements of fact, was clearly made by the defensive pleadings in the court below, and on a thorough investigation of the evidence, as shown by the record, we are constrained to the opinion that the proof adduced on the trial of this cause warranted and required the court, on being requested so to do, to submit said issue under proper instruction for the determination of the jury, and the court, having omitted in his general charge to instruct the jury upon this issue or phase of the case, should have given the special charge requested by appellants. In the case of Hawkins v. Wells, 17 Texas Civ. App., 360, opinion by Justice Rainey, and writ of error denied by the Supreme Court, the following paragraph of the court's charge was assigned as error, to wit: "The mere expression of an opinion or belief, by Campbell or Wells, to plaintiff, that Campbell's title was good, if the one making the expression honestly believed the title to be good, could not constitute such fraud as to entitle plaintiff to recover, no matter how erroneous such opinion or belief may have been. If defendants honestly believed Campbell's title to be good, the statements made to plaintiff in regard to such title, in order to

amount to a fraud such as would entitle plaintiff to recover, must have amounted to the positive assertion, as a fact, that Campbell had a good title; the statement must have been false; the plaintiff must have relied on it, and must have been induced thereby to make the deed conveying his 56 acres to Wells." In disposing of this assignment the court says: "We see no reversible error in this charge. Where one, in making a trade, expresses a mere opinion, with no intent to deceive, the party to whom it is made has no right to rely thereon. It is otherwise where a party intentionally expresses an opinion that is calculated to deceive by reason of the circumstances that surround the parties or transaction, or if he makes a positive affirmation that is false and on which a party is, from the surroundings, authorized to rely, and does rely, the party injured thereby is entitled to relief, and it is immaterial whether or not the statement was made in good faith. The rule is clearly expressed by Mr. Pomeroy, in his excellent work on Equity Jurisprudence (volume 2, articles 877, 878), as follows: 'A misrepresentation must be an affirmative statement or affirmation of some fact, in contradistinction of a concealment or failure to disclose, and to a mere expression of opinion. . . . . Since the very cornerstone of the doctrine is that the statement must be an affirmation of a fact, it has sometimes been said (but very incorrectly) that a misrepresentation can not be made of a matter of opinion. The true rule is that a fraudulent misrepresentation can not itself be the mere expression of an opinion held by the party making it. The reason is very simple: While the person addressed has a right to rely on any assertion of a fact, he has no right to rely upon the mere expression of an opinion held by the party addressing him, in whatever language such expression be made. He is presumed to be equally able to form his own opinion and to come to a correct judgment in respect to the matter as the party with whom he is dealing, and can not justly claim, therefore, to have been misled by the opinion, however erroneous it may have been.' Mitchell v. Zimmerman, 4 Texas, 75; Newton v. Ganss, 7 Texas Civ. App., 90. While the special charge refused in this case perhaps in some respects was more onerous and imposed a greater burden on appellants than the law required (but of this they could not complain), it submitted to the jury an issue material to appellants' defense, and one necessary in this case for its determination, to wit: Whether or not the statements and representations made by appellant G. F. Lee, with reference to his title, were made as mere expressions of opinion or as affirmative statements of fact—an issue raised by the pleading and the evidence, and upon which the general charge contains no instruction; and in our opinion the failure of the court to instruct the jury on this phase of the case, together with his refusal to give the requested special charge, virtually eliminated this issue from the consideration of the jury to the defendants' material prejudice.

In other respects the general charge sufficiently presents the law of the case, and appellants' various remaining assignments, complaining of alleged errors of the court in its general charge, and in its refusal to give other special charges requested, and in the admission of evidence objected to by appellants, and in overruling the appellants' motion for a new trial because of the alleged insufficiency of the evidence, having been each fully considered, are here disallowed and overruled.

Because of the error complained of in appellants' fourth assignment, as hereinbefore set out, we conclude that this case should be here reversed and remanded for a new trial, and it is accordingly so ordered.

*Reversed and remanded.*