### JOHN S. BILBY v. N. N. RODGERS.

Decided January 8, 1910.

**1.—Citation—Nonresident—Statute.**

The provisions of article 1230, Rev. Stats., concerning the requisites of a citation to non-residents or absentees from the State are imperative, and such a citation which fails to name all the parties to the suit will not support a judgment by default, although the judgment recites due service.

**2.—Same—Judgment by Default—Presumption.**

In a case where a judgment by default was rendered against a nonresident defendant, record considered and held to rebut rather than raise a presumption that any other citation than the one in the record had been issued or served on the defendant, and hence insufficient to warrant a presumption that the defendant had been duly served.

Error from the District Court of Scurry County. Tried below before Hon. C. C. Higgins.

*Stephens & Miller,* for plaintiff in error.—The court erred in rendering judgment against John S. Bilby because the notice served on him fails to give the names of all the parties to the suit, in that it fails to give the name of the Southern Cooperative Land & Live Stock Company or even of John S. Bilby. Rev. Stats., art. 1230; Burleson v. Henderson, 4 Texas, 49; Heath v. Fraley, 50 Texas, 209; Owsley

v. Paris Exchange Bank, 1 U. C. (Posey), 93; Durham v. Betterton, 79 Texas, 223.

*Woodruff & Woodruff,* for defendant in error.—The court in its judgment finds that Bilby had been duly cited and served with notice and citation in this cause for more than ten days prior to the first day of the term of court, and the statement of facts showing that there was offered in evidence a notice and citation to serve nonresidents in due and legal form, in this case directed to Bilby, etc., every presumption is indulged in support of the judgment of the trial court, hence there is no error with respect to the matter complained of were it conceded that the notice did not mention the name of Bilby as a defendant. Galloway v. State Natl. Bank of Fort Worth, 56 S. W., 236; Robertson v. McIlhenny, 59 Texas, 615; Martel v. Somers, 26 Texas, 551; Price v. Wiley, 19 Texas, 142; Collins v. Hines, 100 Texas, 304.

CONNER, CHIEF JUSTICE.—Plaintiff in error complains of a judgment against him by default in a suit instituted in the District Court of Scurry County by defendant in error, N. N. Rodgers, against plaintiff in error Bilby, the Southern Cooperative Company and John A. Wisherd. Recovery was sought against Wisherd on certain promissory notes amounting to nine thousand two hundred and eighty dollars, besides interest and attorneys' fees, and for a foreclosure of the vendor's lien on lands described in the petition, against Bilby and the Southern Cooperative Company.

Error is assigned to the judgment on the ground, among other things, that the citation served upon plaintiff in error is insufficient to support it. Plaintiff in error was alleged to be a resident of the State of Missouri, and the citation served upon him is in compliance with Revised Statutes, article 1230, relating to absentees from the State or nonresidents thereof when sued, save that it did not give the names of all the parties to the suit. It failed to set out either the name of plaintiff in error or of the Southern Cooperative Company. The article of the statute cited, in addition to other things not necessary to here notice, declares in reference to the citation that: "Its style shall be 'The State of Texas,' and it shall give the date of the filing of the petition, the file number of the suit, the names of all the parties, and the nature of plaintiff's demand, and it shall state that a copy of the plaintiff's petition accompanies the notice." It is well settled that these provisions are imperative and that a citation lacking in the essential element of naming all the parties to the suit will not support a judgment by default. (Burleson v. Henderson, 4 Texas, 49; Heath v. Fraley, 50 Texas, 209; Owsley v. Bank, 1 Unreported Cases, 93.) This is true even though the judgment, as here, recites due service. See Burditt v. Howth, 45 Texas, 466, and authorities cited in support of the proposition by Mr. Justice Dunklin in the case of Mayhew & Company v. Harrell et al., 57 Texas Civ. App., 509 (122 S. W., 957).

A statement of facts was made out and filed as required by Revised

Statutes, article 1504d, in cases of judgment by default against non-residents, and the following extract therefrom is urged by defendant in error as an answer to the assignment under consideration, viz.: "Plaintiff next offered in evidence a notice and citation to serve non-residents, in due and legal form, in this case, directed to John S. Bilby, issued by the district clerk of Scurry County, Texas, on the 20th day of August, 1908, and showing the sheriff's return as follows:

"The State of Oklahoma,
　County of Tulsa.
　"Personally appeared before me, the undersigned authority, Geo. W. Webster, who being by me duly sworn, deposes and says that on the 31st day of August, A. D. 1908, at 1 o'clock p. m., in the town of Broken Arrow, county of Tulsa, State of Oklahoma, he delivered to John S. Bilby, the defendant, in person, a true copy of this notice with a certified copy of plaintiff's petition accompanying same; and, further, that he is an adult male and is in no manner interested in this suit. G. W. Webster. Sworn to and subscribed before me this 31 day of Aug., A. D. 1908. A. M. Laws, Notary Public, Tulsa County, Okla. (Seal.) My Com. ex. 3/13 1910."

It is insisted that from this, in view of the recital of the judgment, we should presume that a sufficient citation, other than the one copied in the transcript of the proceedings, was also served upon plaintiff in error. But we think not so. In cases where, as here, neither the proceedings nor the judgment show an appearance of the defendant against whom the judgment is rendered, the citation must be copied in the transcript of the proceedings. Revised Statutes, articles 1411, 1412 *et seq.*; McMickle v. Bank, 4 Texas Civ. App., 210 (23 S. W., 428); Glasscock v. Barnard, 125 S. W., 615. This requirement is evidently for the purpose of enabling the Appellate Court to ascertain from an inspection of the record whether the court rendering the judgment below had jurisdiction of the parties as well as of the subject matter. What should be held in a case where the statement of facts, not by the common law a part of the record proper, showed a sufficient citation, we need not decide. It is sufficient to say that such is not here the condition of the record. The judgment does not identify the citation upon which it rests, nor does the statement of facts set out the citation to which it refers, merely giving the legal conclusions that it was "in due and legal form," together with the date of its issuance and a copy of the sheriff's return, both of which are identical with the citation and return in the transcript certified by the clerk to be true copies of the original citation and return. The statement of facts thus verifies rather than disproves the inference that the citation upon which the judgment against plaintiff in error rests, is the one fully set out in the transcript and which, as we have seen, is fatally defective.

In view of what we have said we need not discuss the effect of the service upon plaintiff in error of a copy of the original petition instead of the amended petition, in substantially the same terms, upon which the judgment was taken. The defendant Wisherd answered in the suit; the citation to the defendant, the Southern Cooperative Com-

pany, is in compliance of the law and neither of these defendants has appealed.

It is accordingly ordered that the judgment below as to plaintiff in error Bilby be reversed and the cause as to him be remanded, but the judgment as to the other defendants in the action is not disturbed.

*Affirmed in part and reversed and remanded in part.*