## DOAK et ux. v. BIGGS.  (No. 1273.)

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1921.)

**1. Pleading ⟨⟩111—Notice of plea controverting plea of privilege is jurisdictional.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, before a plea of privilege can be heard and overruled, it is an indispensable requisite that the 10-day notice required by the act be given in a manner authorized by law or such notice waived by agreement; such notice, or waiver, is a jurisdictional matter, and without it the court is without authority to hear and overrule the plea.

**2. Appeal and error ⟨⟩914(1)—No presumption as to service indulged on appeal from default of judgment.**

In a direct attack by appeal from judgment by default, the usual presumption as to service will not be permitted; but the record must affirmatively show jurisdiction, either by appearance or proper service.

**3. Process ⟨⟩48—Personal service required, where mode not indicated.**

Where statute provides for service of notice, without indicating manner of service, personal service is meant.

**4. Process ⟨⟩82—Personal service cannot be made by mail, unless authorized.**

Personal service cannot be made by mail, unless it is expressly authorized.

**5. Process ⟨⟩82—Service of notice of controverting plea by registered mail insufficient.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, requiring notice of plea controverting plea of privilege, and not prescribing manner of service thereof, such service is governed by Rev. St. art. 2119; consequently service by registered mail was insufficient, and the court was without authority to rule on the plea.

**6. Process ⟨⟩51—Service of notice of controverting plea may be by person competent as witness, and need not be by officer.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, requiring notice of plea controverting plea of privilege, and not prescribing manner of service thereof, such service is governed by Rev. St. art. 2119, and may be made by any person who would be a competent witness on the trial, and need not be made by an officer.

**7. Vendor and purchaser ⟨⟩35—Misrepresentations as to title support action to rescind.**

Vendors' misrepresentations that they could convey absolute and indefeasible title, when in fact another had acquired title by limitations, supported vendee's action to rescind as against contention that the misrepresentation related merely to a matter of law.

**8. Vendor and purchaser ⟨⟩341(5)—Counsel fees in prosecuting suit to rescind contract induced by fraud and recover money paid thereon held not recoverable.**

Counsel fees were not recoverable as damages in vendee's suit against vendor to rescind and recover purchase price for misrepresentations as to title, as they were not proximate results of the wrong, and exemplary damages were not sought or recoverable.

Error from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by T. B. Biggs against C. H. Doak and wife. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

G. E. Lockhart, of Tahoka, for plaintiff in error.

Roy I. Biggs, of Pecos, for defendants in error.

HIGGINS, J. The defendant in error, Biggs, brought this suit in the district court of Reeves county against Doak and wife, plaintiffs in error, to rescind a sale and conveyance of land made by the Doaks to Biggs, and to recover a cash payment of $500, made in part payment for the land, and to cancel a note given to cover the balance of the purchase price. Recovery was also sought of $150 as damages for attorney's fees paid to prosecute the suit. It was alleged that the

plaintiffs in error had falsely and fraudulently represented to defendant in error in Pecos county that they had an absolute and perfect title to the land, and that the deed which they would execute would invest defendant in error with an absolute and indefeasible title thereto, upon which misrepresentations defendant in error relied and acted; that, when defendant in error went to take possession of the land, he found it in possession of H. Heisterman, who had acquired title thereto by limitation. It was also alleged that the representations were made with knowledge by plaintiffs in error of the falsity thereof and for the purpose of deceiving.

Plaintiffs in error filed pleas of privilege claiming the right to be sued in Lynn county, Tex., where they resided. On April 26, 1921, defendant in error filed controverting pleas setting up that the fraud upon which the suit was based was committed in Reeves county and claiming venue in that county under the seventh subdivision of article 1830, R. S. On May 18, 1921, the pleas of privilege were heard and overruled by the court. The plaintiffs in error did not appear upon the hearing thereof, but the order overruling same recites that—

"Notice of the filing of said controverting pleas and the date for hearing on same was duly given defendants by delivery of copies of said controverting pleas, with notation of date for hearing same, to G. E. Lockhart, of Tahoka, Texas, attorney of record for both defendants, more than 10 days before this date."

Upon the same date judgment upon the merits was rendered in favor of defendants in error as prayed for. No answer to the merits was filed by plaintiffs in error, but the judgment recites due service and that they made default. Subsequently this writ of error was sued out. The record contains neither statement of facts nor bills of exception.

[1] Error is assigned to the overruling of the pleas of privilege upon the ground that the plaintiffs in error had not been served with notice of the filing of the controverting pleas and the date set for hearing the same as by law required. The act of April 2, 1917 (article 1903, Vernon's R. S. 1918), made a radical change in the rules of law, practice, and procedure relative to pleas claiming the privilege of being sued in the county of one's residence. After prescribing the requisites of such pleas, the act further provides:

"And such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge

or the justice of the peace shall note on same a time for a hearing on the plea of privilege: Provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing. If the parties agree upon a date for such hearing it shall not be necessary to serve the copy above provided for. * * *"

Under this act we are of the opinion that, before a plea of privilege can be heard and overruled, it is an indispensable requisite that the 10 days' notice required by the act be given in a manner authorized by law, or such notice waived by agreement; that such notice, or waiver, is a jurisdictional matter, and without it the court is without authority to hear and overrule the plea. Brooks v. Elevator Co., 211 S. W. 288. If this be not true, then the express proviso, "that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days, exclusive of the day of service and day of hearing," avails the defendant nothing.

[2] The record in this case discloses that the defendants were not present upon the hearing of their pleas of privilege, and it is the well-established rule that in a direct attack by appeal from a judgment by default the usual presumption as to service will not be permitted. and in such cases the record must affirmatively show jurisdiction of the defendant, either by his appearance or by a proper service of process. No presumption can be indulged that there was some other and different service made than that which appears in the record. Bilby v. Rodgers, 58 Tex. Civ. App. 432, 125 S. W. 616; Burditt v. Howth, 45 Tex. 466; Johnson v. Galbraith. 17 Tex. 364; Blossman v. Letchford, 17 Tex. 648. And this is true, even though the judgment recites due service. Mayhew v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957; Bomar v. Morris, 59 Tex. Civ. App. 378, 126 S. W. 663; Glascock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615; Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 697; Shook v. Laufer, 84 S. W. 277.

The only evidence of notice contained in the record of the filing of the controverting pleas and date set for hearing same is the following:

"April 26, 1921.

"Mr. G. E. Lockhart, Attorney at Law, Tahoka, Texas—Dear Sir: You will find attached hereto copy of controverting plea to plea of privilege of C. H. Doak, and also copy of controverting plea to plea of privilege of Mrs. Alice Doak, with notation on each of the date set for hearing same, in the case of B. T. Biggs v. C. H. Doak et al., No. 2084, in the district court of Reeves county, Texas. These

copies are sent to you as the attorney for these defendants.

"Yours truly.

"Receipt for Registered Article No. 1846.—4/27/1921. From Roy I. Biggs, Pecos, Texas. Addressed to G. E. Lockhart, Tahoka, Texas. Postmark, Pecos, Tex., Apr. 27, 1921. Registered.

"Post Office Department, Official Business—Registered Article No. 1846. Return to Roy I. Biggs, Pecos, Texas. Return Receipt. Received from the postmaster the registered or insured article, the original number of which appears on the face of this card. G. E. Lockhart. Date of delivery, 4—30/21."

Upon the margin of the transcript and opposite the foregoing letter is the following notation:

"Copy of letter offered in evidence on plea of privilege by pliff."

And opposite the receipt for registered article the following:

"Filed among papers."

The foregoing being the only evidence contained in the record of the service required by article 1903 (except the recital of due service contained in the court's order overruling the pleas, which is insufficient upon appeal from default judgments), the question is thus presented as to the sufficiency of the service shown.

[3, 4] Where a statute provides for the service of notice and the manner of service is not indicated, personal service is meant. 29 Cyc. 1119; 21 Am. & Eng. Ency. Law (2d Ed.) 583; Haj v. American Bottle Co., 261 Ill. 362, 103 N. E. 1000, Ann. Cas. 1915A, 220, and many other cases cited in note. And unless expressly authorized by statute, personal service cannot be made by mail. Smith v. Woolfolk, 115 U. S. 143, 5 Sup. Ct. 1117, 29 L. Ed. 357; St. Paul Sav. Bank v. Authier, 52 Minn. 98, 53 N. W. 812, 18 L. R. A. 498; Bennett v. Supreme Tent, etc., 40 Wash. 431, 82 Pac. 744, 2 L. R. A. (N. S.) 389.

[5] Article 1903 does not undertake to prescribe the manner of service, and we know of no statute which would authorize service of the notice in question by registered mail. On the contrary, such service and proof thereof is governed by article 2119, R. S., which reads:

"Whenever, in the commencement or progress of any suit, it shall be necessary to serve any notice on any party to such suit, such notice may be served either by an officer authorized by law to serve original process of the court in which the suit is brought or may be pending, or by any person who would be a competent witness upon the trial of such suit; every such notice may be served in like manner as an original writ, either on the party or his attorney of record; and the return of such notice, when made by an officer, or when made by any other person, and verified by the affidavit of such person, shall be received as evidence of the fact of service, subject to be repelled by contrary proof."

For the reasons indicated the service by registered mail is regarded as insufficient, and the trial court was without authority to overrule the pleas of privilege. This same conclusion was reached by the Austin Court of Civil Appeals, upon similar facts, in McGhee v. Maxey, 230 S. W. 735.

[6] We concur in the view expressed by the Austin court in that case except the ruling that service of the notice can be made only by an officer. Under article 2119, R. S., we think it may also be served by any person who would be a competent witness upon the trial, and the return of service by him may be verified by his affidavit. Young v. Jackson, 50 Tex. Civ. App. 351, 110 S. W. 74. See also, Perez v. Perez, 59 Tex. 322.

Due consideration has been given to the counter propositions advanced and authorities cited by defendant in error in support of the court's action upon the pleas of privilege, but they are unavailing in view of the rules indicated. The only authority which perhaps requires comment is Hill v. Brady, 231 S. W. 145, by the Texarkana court. In that case the plea of privilege was overruled, and defendant did not appeal therefrom. Four days later there was a trial upon the merits, and from an adverse judgment an appeal was then taken by the defendant. It was held that the defendant waived the right to have had the action of the trial court upon the plea of privilege reviewed by failing to prosecute an appeal from the order overruling the same.

We express no opinion as to the correctness of that ruling, as in no event has it any application here. There was no question in that case as to the service, and the ruling was based expressly upon the doctrine of waiver. In the present case the plaintiffs in error had not been duly notified of the date set for the hearing of their pleas, were not present, and had no opportunity of appealing from the order overruling their pleas until after judgment upon the merits had been rendered. Clearly they did nothing which would operate as a waiver of their right to complain of the court's action in overruling their pleas without due notice of the date set for hearing same.

[7] Our views upon the assignments relating to the judgment upon the merits may be briefly indicated. It is asserted that the petition is insufficient to support the judgment because the misrepresentations related merely to a matter of law. In this there is no merit. The question is ruled against plaintiffs in error by Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900, and Lee v. Haile, 51 Tex. Civ. App. 632, 114 S. W. 403.

[8] Error is assigned to the allowance of the item of $150 as damages to cover the fee of counsel in prosecuting this suit. It has often been held in this state that fees of counsel incurred in prosecuting a suit for or defending against a wrong are not ordinarily recoverable as actual damages, because they are not considered proximate results of the wrong. In a proper case, however, they may be considered in estimating the amount of exemplary damages. In the present case exemplary damages are not claimed, nor would the facts pleaded warrant their allowance, if they had been claimed. There are expressions in some of the earlier decisions of our courts which would seem to support the contention of defendant in error that the allowance of the counsel fee in prosecuting this suit is recoverable as actual damages, but the rule is now definitely established to the contrary. Sherrick v. Wyland, 14 Tex. Civ. App. 299, 37 S. W. 345; Closner v. Chapin, 168 S. W. 370; Landa v. Obert, 45 Tex. 547; Railway Co. v. Oram, 49 Tex. 346; Railway Co. v. Ware, 74 Tex. 50, 11 S. W. 918. Reversed and remanded.

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes