## RENDLEMAN et al. v. BARLETT.
### (No. 7086.)

Court of Civil Appeals of Texas. Austin. Sept. 25, 1929.

Rehearing Denied Oct. 20, 1929.

Dibrell & Snodgrass, Critz & Woodward, and W. Marcus Weatherred, all of Coleman, for appellants.

Garland Woodward, of Big Spring, and Harrison & Woodruff, of Brownwood, for appellee.

BAUGH, J. Appellants, plaintiffs below, brought this suit against appellee, assignee of an oil and gas lease on lands in Coleman county, Tex., to cancel said lease for alleged abandonment, and for failure to develop said lands for oil and gas with diligence; and in the alternative asked for a decree of the district court compelling specific performance of the lease contract to develop said lands for oil and gas, or for cancellation of the lease upon failure to do so. The issue of abandonment was predicated upon the case of W. T. Waggoner Estate v. Sigler Oil Co. (Tex. Com. App.) as reported in 284 S. W. 921. That case was also primarily relied upon to support the other propositions urged by appellant.

The instant case was argued before this court on February 9, 1927. About that time the Waggoner Estate Case was withdrawn by the Supreme Court from the Commission of Appeals, and all prior orders therein set aside, including the judgment therein reported in 284 S. W. 921, and the case set down for hearing before the Supreme Court itself. The Supreme Court rendered its judgment in said Waggoner Estate Case on June 28, 1929, reported in 19 S.W.(2d) 27. Because of the Supreme Court's action with reference to the Waggoner Estate Case above, we have held this case until the final determination of that case.

■ The oil lease in controversy is similar to that considered in the case of Waggoner Estate v. Sigler Oil Co., supra, in its material provisions. The trial court sustained a general demurrer and special exceptions to the appellants' amended petition. Having sustained a general demurrer, the trial court's action on the special exceptions becomes immaterial.

■ Appellants' pleadings fail to allege an absolute "abandonment" of said premises, or a "cessation" of the use of same under the terms of the lease, but alleged that defendant was still occupying the premises and asserting a compliance with the provisions of the lease, in that he had drilled to completion a well which he claimed was producing gas in paying quantities. No good purpose could be served by detailed discussion of this issue, as same is fully considered in the case of Waggoner Estate v. Sigler Oil Co., 19 S.W. (2d) 27, and cases there cited, holding that the implied obligation for reasonable development in an oil and gas lease is not a "limitation" or a "condition subsequent" but a covenant, for the breach of which the remedy is ordinarily an action for damages by the lessor. The Waggoner Case concludes appellants' first contention against them.

■ Appellants further alleged, however, that the appellee, defendant below, was fraudulently and in bad faith contending that the well drilled by him was a paying producer; that same was not, and never had been, a paying producer; that the defendant was making said claims for the fraudulent purpose of holding said lease without developing the land with reasonable diligence as contemplated in the lease, for the purpose of speculating on future values of the prem-

ises without complying with his lease contract, and for the purpose of avoiding the payment of the $2,000 annual rentals provided for in lieu of development. They alleged further that the defendant did not intend to develop said leased premises as contemplated by the terms of the lease; that they have no adequate remedy at law for the damages suffered and to be suffered by them from failure of further devolpment; that such damages are speculative and incapable of measurement; and that the defendant does not possess property subject to execution within the jurisdiction of the trial court. By reason of such facts, the appellants prayed in the alternative that, if the court refused to cancel said lease on the grounds of abandonment, or for failure to develop with reasonable diligence, that they have a judgment for specific performance of the implied obligations of said contract requiring the defendant upon penalty of forfeiture to proceed to develop said land for the production of oil and gas in accordance with such judgment as the court saw fit to enter, and that forfeiture of said lease be declared upon failure to do so.

Passing without consideration the special exceptions alleged against the appellants' petition, we think such pleadings set forth sufficient grounds as against a general demurrer to entitle plaintiffs to a trial thereon. With reference to this point, the Supreme Court, speaking through Justice Greenwood, in Waggoner Estate v. Sigler Oil Co., 19 S.W. (2d) 27, 32, had the following to say:

"And, despite our refusal to treat as a limitation or as a condition subsequent the implied covenant for reasonable development of premises leased for the mining of oil and gas, after they have been discovered, should there be a breach of such covenant for which an action for damages, for any reason, furnishes no adequate remedy, our courts, in the exercise of equitable jurisdiction, will compel the lessee to fully perform his obligation, which constitutes a fundamental consideration for, and object of, the lease, or submit to cancellation of the lease. 1 Black on Rescission and Cancellation (2d Ed.) §§ 197, 198.

"In Grubb v. McAfee, supra, we pointed out that the courts could do complete justice without adjudging a lease forfeited or terminated for breach of implied obligations, relative to development, even in cases where redress was impossible under an award of damages. On that subject Mr. Merrill says:

"'The extreme hardship of the straight-out forfeiture and the inadequacy of damages are both avoided by a unique form of relief which has received its chief development in Kansas—an alternative decree, requiring the lessee to do those things necessary to fulfill his obligations under the implied covenant, within a time fixed by the court, the lease to be forfeited and cancelled,

in default of such performance.' Merrill's Covenants Implied in Oil & Gas Leases, § 103, p. 246."

Under this holding and in that of Grubb v. McAfee, 109 Tex. 532, 212 S. W. 464, followed in Texas Co. v. Davis, 113 Tex. 335, 254 S. W. 304, 255 S. W. 601, we think the trial court erred in sustaining the general demurrer to the allegations above briefly set forth on which specific performance was asked, and that appellants were entitled to a trial upon that issue.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for trial.