## SCOTT et al. v. JACKSON.

### No. 758.

Court of Civil Appeals of Texas. Eastland.

April 10, 1931.

acre tract and the 27-acre tract. Prior to 1923, twelve shallow wells were drilled on the 27-acre tract. These wells produced oil in paying quantities for several years. The wells on the 40-acre tract, which adjoins the 27-acre tract on the east, were still producing oil in paying quantities at the time this case was tried. Salt water had destroyed most, if not all, of the wells on the 27-acre tract. Appellee's suit was for the purpose of canceling the lease in so far as same covered the 27-acre tract, no cancellation being sought as to the 40-acre tract. His brief construes and summarizes his petition as follows: "The suit was to cancel the lease on the 27 acre tract on the propositions that, (1) the land had ceased to be used for mineral exploration and development; (2) abandonment; and (3) breach of the implied covenant for reasonable exploration and development."

His theory was that the lease was not a unit, but was divisible; that after the lessees subdivided the tract into various smaller tracts, each of these subdivisions became subject to all of the obligations, express and implied, in the original lease; and that, in determining whether he had the right to cancel the lease as to a particular subdivision, the lease on such subdivision would be considered just as if no other lands had been included therewith in the original lease. This seems to be the theory upon which the case was tried, and the issue of fact on which most of the evidence was offered was whether or not oil in paying quantities was being produced at the time of the trial on the 27-acre subdivision. The trial court peremptorily instructed the jury at the close of the testimony to return a verdict for appellee, and a judgment was entered in accordance with the verdict, canceling the lease in so far as it covered that subdivision.

An error, fundamental in its nature, of which we are required to take notice, even in the absence of an assignment, appears on the face of the transcript. The judgment discloses that the appellant, Maud A. McEwan, failed to answer or make an appearance. As to her the judgment was by default. As the owner of an interest in the lease canceled by the judgment, she was a necessary party to the suit. The judgment recites service, but the transcript does not contain the citation or other showing of service. It is a well-established rule that an appellate court is not authorized to affirm a default judgment where the record fails to show proper service upon the defendant. Head v. Texas State Bank (Tex. Civ. App.) 16 S.W.(2d) 298; Glasscock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615; Bilby v. Rodgers, 58 Tex. Civ. App. 432, 125 S. W. 616.

This error in the record works a reversal of the judgment and a remand of the cause

McLean, Scott & Sayers, of Fort Worth, for appellants.

G. E. Smith, of Comanche, for appellee.

HICKMAN, C. J.

In 1917 appellee executed an oil and gas lease covering 278½ acres of land in Comanche county to W. W. Skinner. Thereafter, Skinner and some of his assigns subdivided the lease into various subdivisions and Skinner executed assignments to various parties. Appellants, by sheriff's deeds, became the joint owners of two of the adjoining subdivisions, one containing about 40 acres and the other about 27 acres. A number of shallow wells were drilled on both the 40-

for another trial. But we would be unable to affirm the judgment even if proper service of citation on Mrs. McEwan was disclosed by the transcript.

 The evidence raised a fact issue, in our opinion, on the question of whether oil in paying quantities was being produced from the 27-acre tract, and the peremptory instruction was not justified. This would be our holding even though appellee's theory is correct in regarding the original lease as having been divided into various independent leases by virtue of the subdivision made by the lessee. But we do not agree that the making of the subdivision had that effect. The lease contained no provision whatever on the subject of subdividing or assigning in part. The arbitrary division line between the 40-acre tract and the 27-acre tract does not enlarge the right of appellee to effect a cancellation. The fundamental questions of law involved, as we conceive it, is whether a lessor may have a cancellation in part of an indivisible lease by showing that certain acres covered by the lease have ceased to produce oil, or have been abandoned. It was held by the Court of Civil Appeals at Austin in the case of Leonard v. Prater, 18 S.W.(2d) 681, that a court of equity can decree the cancellation of the undeveloped portion of an indivisible lease on the ground of abandonment. The Supreme Court has granted a writ of error in that case, and, should it affirm the ruling there made, then appellee, upon another trial, will be entitled to a decree of cancellation upon such portions of the leased premises as the court may find appellants have abandoned. "Abandonment" embodies the element of intention, and is generally a fact issue to be determined by the jury. The evidence in the record before us would not warrant the giving of a peremptory instruction on the theory of abandonment as to any portion of the leased premises.

It is difficult for us to see how one in possession of a tract of land under one title may abandon his title to a portion of his estate, when that estate is, as here, indivisible, but that question is now pending in the Supreme Court in the case of Leonard v. Prater, supra, and the law will probably be declared before this case can be retried.

 The theory of cancellation for breach of an implied covenant for reasonable exploration and development of the lower strata of oil producing sand, if in fact such strata exist, cannot be upheld. A lease cannot be forfeited for breach of an implied covenant. That question has been set at rest in this state by the decision of our Supreme Court in the case of W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.(2d) 27. As pointed out in that case, a court of equity, in extreme cases, where the remedy at law for damages is inadequate, may enter a conditional decree of cancellation for the failure of lessee to develop with reasonable diligence, but the petition in the instant case did not allege sufficient facts for such a conditional decree, nor was such remedy sought or obtained. In the recent case of Rendleman v. Barlett (Tex. Civ. App.) 21 S.W.(2d) 58 (error refused), a petition was held to be sufficient to support such a decree. By refusing a writ of error in that case we think it may be safely assumed that the Supreme Court regarded that opinion as a correct interpretation of its holding in the Waggoner Case. The instant case cannot be affirmed on the ground of breach of implied covenant because, as noted, the pleadings did not seek, nor did the court enter, a conditional decree.

Reversed and remanded.