**FORT WORTH NAT. BANK et al. v.
McLEAN et al.**

No. 2891.

Court of Civil Appeals of Texas. Eastland.

Nov. 2, 1951.·

As Corrected on Denial of Rehearing
Dec. 14, 1951.

Wagstaff, Harwell, Wagstaff & Alvis,
Abilene, for appellant.

Royce Adkins, Haskell, Jack Watson,
Stamford, for appellees.

LONG, Justice.

On April 24, 1925, Reynolds Cattle Company, as lessor, executed and delivered to C. A. Gillam, lessee, an oil and gas lease covering 1,898 acres of land out of the north part of the A. Rodriquez Survey in Haskell County, Texas. The lease was for a primary term of five years from date and as long thereafter as oil or gas or either of them was produced from said land. It is upon the usual commercial form with no unusual covenants or agreements. Thereafter, the land was conveyed to T. G. Hendrick. The lease, insofar as it covers the northwest one-fourth of tract 7 and the east one-half of tract 14 of the H. H. Adams Subdivision of the Rodriquez survey, aggregating 120 acres of the original 1,898 acre lease, is now owned by Lillian D. Hill and her sister, Mrs. Naomi McLean. This suit was instituted by the Fort Worth National Bank, Independent Executor and Trustee of the Wills and Estates of T. G. Hendrick and Ida Hendrick, Deceased, against Mrs. Naomi McLean and Lillian D. Hill, and numerous other parties, seeking cancellation of the oil and gas lease. The bank alleged that the lessees had failed to reasonably develop the lease under the implied covenants and asked for cancellation of the lease or, in the alternative, for a decree requiring the lessees to reasonably develop the property within a reasonable time in default of which the lease would be forfeited. All of the defendants, except Mrs. Lillian D. Hill and Naomi McLean, filed disclaimers or were dismissed from the suit prior to the trial. Upon a trial to the court, judgment was rendered against the Bank in favor of defendants to which judgment the Bank duly excepted and perfected its appeal to this court.

■ It is the contention of appellant that the evidence conclusively establishes a breach of the implied covenant of the lease requiring reasonable development of the property and that under the facts and circumstances in this case, appellant is entitled to a judgment, as a matter of law, requiring appellees to reasonably develop the lease within a reasonable time and, in the event of a failure to so develop, a termination of the lease. The evidence discloses that there were four to six producing wells drilled upon the lease in the 1920's. These wells are now each producing from six to seven barrels of oil a day. It is conceded that oil is now being produced from the land in paying quantities. There is evidence that dry holes have been drilled on the lease and the area adjacent thereto. There is evidence that there is production from the King sand at a distance of three to fourteen miles from the lease. There are numerous oil sands in this vicinity and it is shown that all of these sands have been tested and no production obtained in any of them, except as above stated. There is no question but that lessees have an implied obligation to develop the lease with reasonable diligence. W. T. Waggoner Estate v. Sigler Oil Company, 118 Tex. 509, 19 S.W. 2d 27. An interesting discussion of this question may be found in Merrill's "Covenants Implied in Oil and Gas Leases," (Second Edition). The usual remedy, however, for a breach of an implied covenant to reasonably develop an oil and gas lease is an action for damages. Under extraordinary circumstances, where there can be no other adequate relief, a court of equity will entertain an action to cancel a lease in a whole or in a part. W. T. Waggoner Estate v. Sigler Oil Company, supra, and cases therein cited.

■ It is contended by appellant that there are extraordinary circumstances in this case and that adequate relief cannot be obtained except by cancellation of the lease in the event of a failure to develop within a reasonable time. From a careful study of the law in Texas, it is our opinion that a lessor, in order to secure a judgment requiring lessee to develop and decreeing a forfeiture upon a failure so to do must show the following: (a) that his damage is uncertain and cannot be ascertained; (b) that the land had not been reasonably developed; (c) what constitutes reasonable development. Lido Oil Co. v. W. T. Waggoner Estate, Tex.Civ.App., 31 S.W.2d 154 (Writ Ref.); Rendleman v. Barlett, Tex. Civ.App., 21 S.W.2d 58.

■ Charles F. Word, a geologist, testified that it was impossible to determine the amount of damages suffered by appellant

·on account of failure to develop and that the value of the lease was indefinite and uncertain. The trial court found that there was no evidence that appellant had suffered any damage by reason of a failure to develop the lease and that there is no evidence that the appellant's damages, if any, could not be adequately compensated by an award of monetary damages. We have concluded that portion of the trial court's finding that there is no evidence appellant has suffered damage by reason of a failure to develop, has support in the testimony. However, we are not prepared to hold that there is no evidence that plaintiff's damages, if any, could not be adequately compensated by an award of monetary damage. However, it is not necessary in a decision of this case for us to pass upon this question. The court found the lease had been properly developed. Further, that a reasonably prudent operator, having in mind both the lessor and lessee, would not drill any well to any depth on any of the entire leased acreage for the further development of existing productive sands of oil or gas or other minerals. The trial court's findings have support in the evidence. Mr. Word, witness for appellant, testified that this lease was what is known as an attractive wildcat area; that the percentage of wells that proved to be producers in a wildcat area was one out of every seventeen. He further testified that he would not drill a well on the lease at all. Whether or not the lease has been properly developed is a question of fact for the determination of the trial court. Lido Oil Co. v. W. T. Waggoner Estate, supra.

■ It was incumbent upon appellant to show that the drilling of more wells was necessary and that they could have been drilled at a profit to the lessee. That is to say, appellant had the burden of showing that there was a reasonable expectation that oil or gas could be produced from the lease in paying quantities. By paying quantities, under such circumstances, is meant that it must be reasonably certain that oil can be produced in such quantities as to pay the cost of development and production and a reasonable profit to the lessee.

Magnolia Petroleum Co. v. Page, Tex.Civ. App., 141 S.W.2d 691 (Writ Ref.); 31A Tex.Jur.; 332; Summers Oil and Gas, Section 306, page 174. There is no evidence tending to show what would constitute a reasonable development of the lease. In other words, there is no showing as to how many wells should be drilled and the length of time that would be reasonable to fix for the beginning of such wells. We have concluded that the material findings of the trial court have support in the evidence and that such findings, when applied to the law, compel a judgment for appellees.

The judgment is affirmed.