E. P. Bomar et al. v. Lizzie B. Morris et al.

Decided February 26, 1910.

**1.—Citation—Vouching in Warrantor—Judgment by Default.**

Defendants in trespass to try title disclaimed as to the land sued for unless it should be shown that the tract of land claimed by plaintiff conflicted with a tract bought and claimed by them under deed with covenant of warranty, in which event they pleaded not guilty, among other defenses, and for recovery over against the independent executors of their vendor, on said covenant of warranty; the executors were served with citations requiring them to appear and answer plaintiff's petition, although they were not named therein as defendants, and said citations, besides the statutory requirements, recited the filing of the answer of said defendants and the allegations therein contained made the basis of the plea over against the executors, and commanded the officer to serve said executors with a true copy of the petition and said answer, but did not in terms require the executors to appear and answer said plea over against them. Held, a judgment by default against the executors on the covenant of warranty of their testator, was void, although the judgment recited that said executors had been duly cited.

**2.—Judgment by Default—Recital of Service.**

It is well settled that judgment by default reciting service upon the defendant, rendered by a court of competent jurisdiction, can not be successfully attacked in a collateral proceeding by showing that there was no service; but it is as well settled that a judgment by default will be reversed on appeal unless the record contains a citation showing due service or an appearance by the defendant, even though the judgment contains a recital that the defendant was duly served with citation.

**3.—Special Judge—Agreement of Parties.**

Where a cause was tried before a special judge by agreement of counsel for plaintiff and for such defendant as answered, but there was no evidence of such agreement by other defendants against whom judgment was rendered by default, the judgment was void as to the last named defendants.

Error from the District Court of Hale County. Tried below before Hon. R. C. Joiner, Special Judge.

*Dalton & Nugent,* for plaintiffs in error.—It is error to enter a judgment by default in an action based on amended petition, where defendant was not cited to answer and did not waive citation, accept service or enter his appearance, and neither appeared nor answered at any time or in any manner in the suit. And this is true where warrantor, made a party by defendants in a suit for land, describing it, which the warrantors lay no claim to by said description, and the plaintiffs filed an amendment during the time, setting up that the land originally sued for conflicted with the land warranted, and warrantors were not cited to answer the amended petition and did not waive or accept service. Pendleton v. Colville, 49 Texas, 525; Pena v. Pena, 43 S. W., 1028; Stuart v. Anderson, 70 Texas, 588.

The judgment against defendants, E. P. and D. T. Bomar, is erroneous, and should not have been rendered against said defendants by R. C. Joiner, special judge, because said defendants never agreed upon him as such special judge, and are not bound by his judgment, and had the right to have the case tried before the regular judge.

*Robt. G. Johnson,* for defendants in error.

. DUNKLIN, ASSOCIATE JUSTICE.—By original petition filed July 5, 1906, F. W. Struve sued Brinkley Morris, Mrs. Lizzie B. Morris and others to recover a tract of land described as "section No. 18 in block JK 2, surveyed by virtue of certificate No. 4/638 issued to the G., C. & S. F. Ry. Company, containing 640 acres of land." The petition was in the usual form of a suit in trespass to try title.

Brinkley Morris and Mrs. Lizzie B. Morris filed an answer to the petition, in which they disclaimed any interest in the land, unless it should be shown that the survey so described conflicted with survey No. 53 in block A1 purchased by them from J. E. Bomar, now deceased, by deed of conveyance with covenants of general warranty of title, and in the event of such a conflict they pleaded not guilty, a general denial, limitation of three, five and ten years, and for recovery over against D. T. Bomar and E. P. Bomar, independent executors of the estate of J. E. Bomar, deceased, on said covenant of warranty of title. Owners of other surveys adjoining that claimed by plaintiffs were also made parties defendants. Said executors were served with citations requiring them to appear and answer plaintiffs' original petition, although in that petition they were not named as defendants. The citations, after reciting the names of the parties plaintiffs and defendants, and the nature of plaintiffs' demand, also recited the filing of the original answer of defendants Brinkley Morris and Mrs. Lizzie B. Morris, and the allegations therein contained made the basis of the plea over against D. T. and E. P. Bomar, executors, and commanded the officer executing the writ to serve D. T. and E. P. Bomar each with a true copy of plaintiff's original petition and the original answer of Brinkley Morris and Mrs. Lizzie B. Morris, but did not, in terms, require D. T. and E. P. Bomar to appear and answer said plea over against them. The record does not contain any other citation against the executors nor any pleading filed by them. After amended pleadings by the other parties, the only controverted issues left for determination between them were such as arose from conflicts between the survey claimed by plaintiffs and those claimed by defendants who filed answers.

Plaintiff's suit against defendants Brinkley Morris, Mrs. Lizzie B. Morris, Mrs. Cora Handley and Otto Stolly was severed from his suit against other defendants, and a trial resulted in a judgment for plaintiff against Brinkley Morris and Mrs. Lizzie B. Morris for a recovery of part of survey 53, block A1, claimed by them, and in their favor over against D. T. and E. P. Bomar, executors of the estate of J. E. Bomar, deceased, for three hundred and sixty-two dollars and fifty cents, on the warranty of title of the decedent, and from such

judgment against them the executors have prosecuted this writ of error.

It is unnecessary to notice the judgment as to other defendants, as the same is not material to the issues presented for our decision. The judgment recited that the Bomars had been duly cited, but that they failed to appear and answer. The plea over against the Bomars was a cause of action separate and distinct from that asserted by plaintiff against Mrs. Lizzie B. and Brinkley Morris, and in the absence of any appearance by the Bomars, service of citation upon them requiring them to answer that suit was as necessary as service of citation upon other defendants to answer plaintiff's demand. Harris v. Schlinke, 95 Texas, 91; Kregel v. Bolanz, 100 Texas, 577. It is well settled that a judgment by default reciting service upon the defendant, rendered by a court of competent jurisdiction, can not be successfully attacked in a collateral proceeding by showing that there was no service. Williams v. Haynes, 77 Texas, 283. But it is equally as well settled that on appeal from a judgment by default, prosecuted in the suit in which the same was rendered, the judgment will be reversed unless the record contains a citation showing due service thereof, or an appearance by the defendant, even though the judgment contains a recital that defendant was duly served with citation. Mayhew & Company v. Harrell, 57 Texas Civ. App., 509 (122 S. W., 957), and authorities there cited; Glasscock v. Barnard, 125 S. W., 615.

The record shows that the suit was tried before Hon. R. C. Joiner as special judge by agreement of counsel for all the parties to the suit except the Bomars, but fails to show that the Bomars were parties to the agreement, and, as they did not appear and participate in the proceedings, the special judge was without lawful authority to determine the issues affecting their rights. Sayles' Texas Civil Statutes, articles 1069 and 1077; Latimer v. Logwood, 27 S. W., 960.

For the errors above noted the judgment against D. T. and E. P. Bomar, executors under the will of J. E. Bomar, deceased, is reversed, and the suit against them remanded for another trial, but in all other respects the judgment is undisturbed.

*Affirmed in part and reversed and remanded in part.*