STEGER v. MAY.   (No. 830.)

(Court of Civil Appeals of Texas. El Paso. April 18, 1918.)

APPEAL AND ERROR ⨪493 — TRANSCRIPT — SHOWING JURISDICTION.

The record on appeal, showing no citation to defendant, waiver, or appearance, fails to show the trial court had jurisdiction, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 2109, 2110, as to transcript; recital in judgment of due citation not being enough.

Error from El Paso County Court, at Law; W. P. Brady, Judge.

Action by E. P. May against V. Steger. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Lea, McGrady & Thomason, of El Paso, and E. P. Phelps, of Houston, for plaintiff in error. R. B. Redic, of El Paso, for defendant in error.

WALTHALL, J. This action was brought in the county court of El Paso county by E. P. May against V. Steger to recover the sum of $500, alleged to have been sustained by him for the alleged breach of contract to inspect and buy certain horses and mules, and expenses incident to gathering same, time lost, etc. No answer was filed by Steger. Judgment by default was rendered for May, for $335.

Plaintiff in error assigns error in the court's rendering judgment in any sum, there being no service of citation upon him, and no acceptance or waiver of service or appearance. While the judgment rendered recites that plaintiff in error, "though duly cited, having failed to appear and answer in this behalf, but wholly made default," etc., the record does not otherwise show service of citation, waiver, or appearance. Article

2109, Vernon's Sayles' Texas Civ. Statutes, prescribes that the transcript shall, except as provided, contain a full and correct copy of all the proceedings had in the case. Article 2110, Vernon's Sayles', provides that, if the pleadings or judgment show an appearance of the defendant in person or by an attorney, the citation and returns shall not be copied into the transcript. The record shows no agreement to omit the copying of the citation in the transcript. Where the record on appeal shows no citation to defendant, waiver, or appearance, it fails to show that the trial court had jurisdiction. Palomas Land & Cattle Co. v. Good et al., 184 S. W. 805, and cases there cited; Daugherty v. Powell, 139 S. W. 625.

For reasons stated, the case is reversed and remanded.