## T. A. FLYNT V. CITY OF KINGSVILLE.

No. 6343. Decided May 15, 1935.
Rehearing overruled July 3, 1935.
(82 S. W., 2d Series, 934.)

*E. B. and Howell Ward,* of Corpus Christi, for plaintiff in error.

*C. L. Gordon* and *E. H. Crenshaw, Jr.,* both of Kingsville, for defendant in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This suit was instituted in the District Court of Kleberg County, by the City of Kingsville, against T. A. Flynt and his

wife to recover a paving assessment against them as abutting property owners. No contract or lien was signed by them. The defendants did not appear or answer and judgment by default was rendered against them, jointly and severally, for $197.76, with interest at the rate of 7 per cent, per annum, for $100.00 as an attorney's fee incurred by plaintiff, taxed as costs of suit, and foreclosure of lien upon certain real estate situated in the City of Kingsville.

On writ of error sued out by Flynt and wife to the Court of Civil Appeals, the judgment was reversed and rendered in favor of the wife, affirmed as to T. A. Flynt and costs of appeal taxed against the city. 50 S. W. (2d) 414.

Application for writ of error was granted by the Supreme Court, on the first assignment, as follows:

"The Court of Civil Appeals erred in affirming the judgment against T. A. Flynt, because there was no appearance by and the record shows no proper service upon him to warrant the rendition of a judgment against him by the trial court."

This assignment is sustained. The record here contains no copy of any citation or instrument to show an appearance by the defendants in the trial court.

1 A judgment by default without proper service of citation is void. State Mortgage Corp. v. Traylor, 120 Texas, 148, 36 S. W. (2d) 440; Levy v. Roper, 113 Texas, 356, 256 S. W., 251. On a direct attack, such as this, the usual presumption of service because of the recital in the judgment, "that defendants though duly and legally cited to appear and answer, came not but wholly made default" does not obtain and the error resulting from the absence in the record of the necessary showing, necessitates a reversal of the judgment.

The court held in Burditt v. Howth, 45 Texas, 466, on appeal, where the record does not show service on, or appearance by the defendants, a recital in the judgment by default that the defendants were duly served with process, will not be considered evidence of service so as to sustain the judgment; otherwise, when the judgment is collaterally attacked.

2 On an appeal from a default judgment the record must show an appearance by the defendant or due service of citation independent of the recitals in the judgment. 3 Texas Jur., p. 407, sec. 290; Hart v. Weatherford, 19 Texas, 57; Bomar v. Morris, 59 Texas Civ. App., 378, 126 S. W., 663; Friend v. Thomas, 187 S. W., 986; Doak v. Biggs, 235 S. W., 957; Glasscock v. Barnard, 58 Texas Civ. App., 369, 125 S. W., 616; Carleton v.

Miller, 2 Texas Civ. App., 619, 21 S. W., 697. See also Article 2278, Rev. Stat., 1925; Steger v. May, 202 S. W., 989; Ware v. Clark, 125 S. W., 618; Dougherty v. Powell, 139 S. W., 625; De Prey v. Progakis (Com. App.), 269 S. W., 78.

Other assignments contained in the application for writ of error tender issues which can be decided only after proper pleadings by the defendants, proof and hearing in the trial court. As we have seen, the defendants filed no pleadings whatever in the trial court and therefore we need not consider them.

The judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

Opinion adopted by the Supreme Court May 15, 1935.

Rehearing overruled July 3, 1935.