Mary Chambless BURLESON, Appellant,

v.

Jeff W. BURLESON, Appellee.

No. 21.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 4, 1967.

Rehearing Denied Oct. 25, 1967.

Huggins, Vickery & McConnell and Charles R. Vickery, Jr., Houston, for appellant.

Fred Much and William H. Scott, Jr., Houston, for appellee.

TUNKS, Chief Justice.

This case began when appellee filed suit in the 133rd District Court of Harris County, Texas on January 24, 1966. In that suit he, as plaintiff, sought a judgment for divorce against the appellant, as defendant, and sought a judgment for partition of the community property.

The appellant, as defendant, answered that suit on February 8, 1966 filing a general denial.

On April 25, 1966, while this litigation was still pending, the appellant filed suit in the 8th Judicial District Court of Clark County, Nevada, seeking divorce as plaintiff in that Nevada suit. In that petition she, the appellant, alleged that she had been a bona fide resident of the State of Nevada for a period of six weeks before filing such suit. She did not seek a partition of the community property.

Appellee was, while he was within the State of Texas, served with citation in the Nevada case on April 28, 1966.

On May 18, 1966, judgment was entered in the Nevada case granting the appellant a divorce against the appellee. In that Nevada judgment the Nevada court specifically found and recited that the appellant had been a bona fide resident of the State of Nevada for a period of six weeks before filing such suit.

Appellee was notified immediately by letter of the divorce having been granted in the Nevada case.

At no time did the appellee make an appearance in the Nevada case.

At a later date the appellant as defendant in the Harris County case filed an amended answer and cross action. In such pleadings the appellant alleged the fact of the Nevada divorce decree as a defensive pleading to appellee's petition for divorce. Appellant likewise sought affirmative relief based upon the Nevada decree in the nature of a partition of the community property as between herself and appellee and further affirmative relief to the effect that there be an adjudication of the validity of the Nevada divorce.

Subsequently, the case was transferred to the Court of Domestic Relations No. 3 of Harris County, Texas.

On January 3, 1967, when the case was called for trial on its merits, appellee filed an answer to the cross action theretofore filed by appellant. In that pleading by appellee, for the first time challenged the jurisdiction of the Nevada court and the validity of the decree of that court and sought an adjudication by the Harris County Court of Domestic Relations No. 3 to the effect that the decree of the Nevada court was void. Appellee's attack on the Nevada decree was an allegation that appellant's sworn pleading and testimony (in the Nevada case) to the effect that she had been a resident of that state for 6 weeks before filing the suit were false and, therefore, the Nevada court was without jurisdiction.

As the trial began the appellee was seeking a divorce from appellant, was seeking a partition of the community property and was seeking an adjudication as to the invalidity of the Nevada decree.

As the trial began the appellant was resisting appellee's suit for divorce with a defensive allegation to the effect that the Nevada decree had already effected a divorce. The appellant likewise, was seeking

affirmative relief in that she sought a partition of the community property of the two parties and sought a declaratory judgment to the effect that the Nevada decree was valid and that she was actually divorced as of May 18, 1966 by the Nevada court.

At the conclusion of testimony appellee took a non-suit, insofar as he sought a recovery of a divorce from appellant, without prejudice to the affirmative relief sought by him concerning the adjudication as to the invalidity of the divorce procured by appellant through the Nevada court, and without prejudice to the affirmative relief sought by appellant as to the adjudication of the validity of the Nevada decree and the partition of the community property.

The case was submitted to the jury on special issues by which jury found first that the appellant was not a resident of the State of Nevada for six weeks preceding the commencement of her Nevada divor e action and also found that the reasonable necessary attorney's fees incurred by the appellant was in the sum of $2,500.00.

Other findings made by the jury related to certain specific items of property and are not relevant to this appeal.

Based upon that verdict the trial court entered a judgment declaring the Nevada decree to be ineffective and finding that the appellant and appellee were still husband and wife. Since appellee had taken a non-suit as to his cause of action for divorce, the decree made no disposition of the community property of the two parties.

The judgment of the trial court also awarded to appellant a judgment against appellee in the amount of $2,500.00 as attorney's fees. From an order overruling appellant's motion for a new trial, appellant has duly perfected her appeal to this court.

In the trial court, appellant, pursuant to Rule 184a, Texas Rules of Civil Procedure, duly requested the trial court to take judicial notice of certain laws of the State of Nevada including the following:

"Nevada Rules of Civil Procedure 60(b) provides:

'(b) Mistakes; Inadvertence; Excusable Neglect; Fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.' "

Appellant's points of error are to the effect that the trial court erred in concluding, pursuant to the jury's verdict, that the Nevada court never acquired jurisdiction in the divorce case filed in that state by appellant and that the trial court erred in holding that the decree of divorce from the Nevada court was void so that the two parties were still husband and wife.

█ There are some basic legal principles about which the parties do not here differ. It is elementary that the Texas courts under Article 4, Section 1 of the Constitution

of the United States and statutes enacted pursuant thereto, are obliged to give full faith and credit to validly entered judgments in the Nevada courts.

■ It is equally elementary that despite the provisions of the full faith and credit clause, the Texas courts may examine the facts to determine whether or not the Nevada court did in fact have jurisdiction to enter the decree of which full faith and credit is sought. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, Callicoatte v. Callicoatte, Tex.Civ.App., 324 S.W.2d 81, Ref. n. r. e.

It is to be noted from the above recitation of the sequence of the proceedings in this litigation that at no time did appellee challenge the validity of the Nevada decree until he filed his answer to appellant's cross action on January 3, 1967. That was more than six months after the date of the Nevada decree.

■ The question is, then, does the above quoted Rule 60(b) of the Nevada Rules of Civil Procedure bar a Texas court's hearing a challenge to the jurisdiction of the Nevada court in which the decree of May 18, 1966 was granted when the challenge was filed more than 6 months later?

The appellant concedes that the evidence in this case is such as to support the jury's finding to the effect that appellant was not a resident of the State of Nevada for a period of six weeks before she filed her suit in that state. However, appellant contends, and we agree with such contention, that there likewise is evidence which would have supported a jury's findings to the effect that she was, in fact, a resident of the State of Nevada for a period of six weeks before filing her suit in that state.

The evidence clearly shows that the appellee was given almost immediate notice of the filing of the suit in the State of Nevada and was given a fair opportunity to appear therein if he wished to do so. He did not do so but that was of his own choosing.

In the cases of Colby v. Colby, 78 Nev. 150, 369 P.2d 1019 and Confer v. 2nd Judicial District Court, 49 Nev. 18, 234 P. 688, 236 P. 1097, the Supreme Court of Nevada held that the fraud of the nature which appellant is here alleged to have committed, constitutes intrinsic fraud and that an attack upon a judgment because of such intrinsic fraud is governed by Nevada Rules of Civil Procedure No. 60(b). Under such Rules of Civil Procedure, no such attack may be made on the judgment after the expiration of six months. We may therefore say that the Nevada decree in this instance, which is here alleged by appellee to be void, could not have been adjudged void in a proceeding instituted in the State of Nevada more than six months after the date of the decree.

In Marsh v. Millward, Tex.Civ.App., 381 S.W.2d 110, err. ref., n. r. e, the facts were as follows:

On May 15, 1961, Millward got a default judgment against Marsh in the State of Wyoming. On October 8, 1962 Millward, in the State of Colorado, got a default judgment against Marsh in a suit based upon the Wyoming judgment.

Rule 60(b) of the Wyoming Rules of Civil Procedure provides that a motion to set aside a judgment for fraud must be made within one year of the date of the judgment.

Rule 60(b) of the Colorado Rules of Civil Procedure provides that a motion to set aside a default judgment for fraud must be made within 6 months of the date of the judgment.

The language of those rules is quite similar to the language of Rule 60(b) Nevada Rules of Civil Procedure, above quoted.

On August 28, 1963, Millward filed suit against Marsh in the Texas court on the Wyoming and Colorado judgments. The

Texas court, taking judicial notice of the Wyoming and Colorado law, granted Millward's motion for summary judgment. The Court of Civil Appeals affirmed, saying:

"Since the respective judgments rendered in the Courts of Wyoming and Colorado are not now subject to attack in the Courts of those States for fraud, intrinsic or extrinsic, it is our opinion that they are not subject to attack in this State on such ground. See Stumberg, Conflict of Laws, 3rd Ed., p. 114, and authorities there cited."

In O'Brien v. Lanpar Company, 399 S.W.2d 340, which was a suit in the Texas court on an Illinois judgment, the Supreme Court of Texas held that Illinois "long arm statute", as construed by the Illinois courts, controlled in determining whether the Illinois courts had in personam jurisdiction over the defendant. The court said: "It should be remembered, however, that it is the Illinois law and not the Texas law that is in point."

On the basis of those authorities, we feel compelled to hold that the trial court erred in overruling the Nevada court's findings as to its jurisdiction and in holding that the judgment of the Nevada court was void.

■ Appellee, in his brief, argues that if it be held that the Nevada decree dated May 18, 1966 was valid, the appellant should not be entitled to recover the attorney's fees found by the jury in the amount of $2,500.00. He argues that if that 1966 decree was valid, then a substantial portion of the services performed by her attorneys were not services performed in representation of a wife in a domestic controversy, but rather were services performed after the appellant had ceased to be the appellee's wife. The record does not reflect that the appellant took any such position in the trial court and there is no cross assignment of error touching upon such point. In fact, the judgment from which appeal is taken reflects that it was entered on motion of ap-

pellee and that is the judgment which provides for the recovery of attorney's fees by the wife, appellant here.

It should further be noted that until the conclusion of the testimony in the trial court when appellee took his nonsuit as to his divorce action, the services performed by appellant's attorneys were those in the representation of a women alleged to be the wife of appellee in a divorce case.

The trial court therefore properly allowed appellant a recovery of attorney's fees.

Since appellee abandoned his petition for divorce and since the trial court held that the Nevada decree did not effect a valid divorce so that the two parties were still married, there was no disposition made by the trial court of the matter of partitioning the community property of the two parties. That matter remains to be tried. The question remains as to whether the court below, a Court of Domestic Relations, in view of our holding here that appellant was divorced from appellee on May 18, 1966, now has jurisdiction to try the issue as to the partition of the property between the two parties.

The Harris County Court of Domestic Relations No. 3 was created by statute, Article 2338-11, Vernon's Ann.Civ.St. which statute defines the jurisdiction of the court. By that statute the court is said to have jurisdiction: "[O]f all divorce and marriage annulment cases, including the adjustment of property rights", and, "all other cases involving justiciable controversies and differences between spouses."

■ There can be no question but that the court did have jurisdiction at the time this case was transferred to it because the litigation involved a divorce sought by appellee herein and the partition of the community property of the two parties. Furthermore, the cross action filed by the appellant was a suit to establish the nature of the relationship between the two parties as to whether they were or were not married, which was within the jurisdiction of

the Court of Domestic Relations. In the determination of either of those two primary claims of the parties, the court had jurisdiction to partition their property. We here hold that the court still has jurisdiction to partition that property.

 The case of Haginas v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368, involved a situation in which an owner had filed suit in forcible entry and detainer in the justice court of Harris County. The judgment of the justice court was for the plaintiff and the defendant appealed to the county court. While the case was pending in the county court, the owner, by amended petition, alleged for the first time that damages had been incurred by it during the pendency of the appeal from the justice court. Those damages alleged exceeded the $1,000.00 jurisdictional limits of the county court. The judgment for the owner in the county court was for possession of the property and for the sum of $2,400.00. The Supreme Court held that the County court having acquired jurisdiction of the controversy, did not lose that jurisdiction by the subsequent change in the facts. The court said: "It is the general rule that once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction."

Where one files suit in district court to recover a judgment on an indebtedness of less than $500.00 and to enforce a lien on real property securing that indebtedness, the fact of his failure to prove his lien does not deprive the district court to render judgment on the indebtedness. Aero Gas Refining Co. v. Frick Reid Supply Corp., Tex.Civ.App., 147 S.W.2d 1101. Bridge v. Carter, 33 Tex.Civ.App. 591, 77 S.W. 245.

Therefore, the Court of Domestic Relations No. 3 of Harris County, once having had jurisdiction to partition the community property of the two parties, still has such jurisdiction.

That portion of the trial court's judgment holding the appellant's Nevada divorce decree to be void and holding that the appellant and appellee still had an existing marriage is here reversed and judgment is rendered to the effect that the May 18, 1966 decree of divorce in Nevada court is valid and that the marriage relationship between appellant and appellee was terminated by that decree as of that date.

The judgment of the trial court in allowing the appellant a recovery of attorney's fees is affirmed.

This case is remanded to the Court of Domestic Relations No. 3, Harris County, for an adjudication of a partition of the Community property of the appellant and appellee as of May 18, 1966.