**Olive Hershey SPITZMILLER, Appellant,**

**v.**

**Robert F. SPITZMILLER, Jr., Appellee.**

**No. 15331.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 6, 1968.

Rehearing Denied June 27, 1968.

William C. Harvin, Robert J. Piro, John L. Hopwood, Houston, for appellant; Baker, Botts, Shepherd & Coates, Houston, of counsel.

Burke Martin, John D. Hughes, Houston, for appellee; Saccomanno, Clegg & Martin, Houston, Falk, Twelvetrees, Johnston & Siemer, Buffalo, N. Y., of counsel.

PEDEN, Justice.

Appeal from the granting of a writ of habeas corpus which awarded custody of two small children to their father. His application for the writ was based on the fact that their custody had been awarded to him by a judgment of the Supreme Court, Erie County, New York, in a separation and custody suit, and he alleged that such judgment was entitled to full faith and credit.

Appellant urges that the Texas court should have made an independent determination as to whether the New York court had personal jurisdiction over her and her children and should have held that it did not, since she and the children were in Houston when service of citation was had on her in the New York proceeding, she was domiciled in Texas and she made no personal appearance in that cause.

After a hearing on June 14, 1967, the trial court in Buffalo, New York, granted the separation and awarded custody of the children to Mrs. Spitzmiller provided she and the children returned to Buffalo within thirty days, otherwise custody was awarded to Mr. Spitzmiller.

Appellant did not take the children back to Buffalo. She filed a cross-action in the Texas habeas corpus proceeding, and in it asserted that the New York judgment was void for lack of jurisdiction. She also asked that custody of the children be awarded to her, and she alleged that there had been a change of conditions since the date of the judgment in New York. After a hearing by the trial court without a jury, judgment was signed on April 11, 1968, holding that the New York court had passed on the custody question and that the judgment of that court was final, subsisting and valid. Further, that there had been no substantial change of conditions relative to the children and that the evidence warranted a finding that Mr. Spitzmiller was a fit and proper person to have their custody; it granted the writ of habeas corpus and awarded custody to him. In response to appellant's request, the trial judge in the habeas corpus hearing filed findings of fact, which we summarize:

1. The parties established their residence and domicile in Buffalo, New York, in June, 1960.

2. Their residence and domicile were maintained there until their separation early in 1967, and their two children were born there.

3. Each party retained counsel in New York relative to their separation.

4. On February 23, 1967, without notice to her husband, Mrs. Spitzmiller took the children and came to Texas; on the same date she filed a petition in this court seeking custody of the children.

5. About March 2, 1967, Mr. Spitzmiller invoked the jurisdiction of the New York courts seeking custody.

6. The appropriate New York court heard his cause on June 13, 1967, and rendered a default judgment. Mrs. Spitzmiller made no personal appearance, but she had actual notice of it and had an attorney present as an observer.

7. On or about June 30, 1967 this (Houston) court took up the case which had been filed on the very date of Mrs. Spitzmiller's arrival in Texas, and having heard evidence and considered the pleadings and the action pending in New York, reserved decision thereon and requested briefs of both parties; and on September 11, 1967 heard further oral argument; and on February 12, 1968 declined jurisdiction but abated such cause of action, and entered a final judgment to such effect, upon which Mrs. Spitzmiller gave notice of appeal, but same was never perfected and became, indubitably, a final judgment and decree of this court.

8. After a hearing on an application for writ of habeas corpus filed by Mr. Spitzmiller, such writ was granted and the children have been returned by him to New York.

9. There was evidence to support the finding of the New York court that Mrs. Spitzmiller was a domiciliary of the State of New York when the New York action was initiated.

10. The court having jurisdiction of the parties during the marital domicile, the place where the children were born, where the parties lived throughout the marriage relationship, and where all parties are best known, was and is in a better position than Texas courts to determine the best interests of the children, their custody, visitation, support and related issues.

11. Mrs. Spitzmiller does not question her husband's morals, integrity or honesty; he is a fit and proper person to have the care, custody and control of their children.

12. There has been no showing of any change of conditions such as to warrant a change of such custody since the rendition of the New York judgment.

13. The children's best interests are served by awarding their custody to Mr. Spitzmiller.

We also summarize the conclusions of law filed by the trial judge:

1. The place of residence and domicile is the proper forum for determining the custody of children of litigating parents.

2. The New York court has and will properly protect the welfare and legal rights of all parties herein.

3. The New York decree is res judicata as to custody at the time it was rendered. No substantial subsequent change of conditions has been established in this hearing.

4. If that decree is not res judicata, comity should be afforded to it.

After these findings and conclusions were filed, appellant made a timely request for additional findings and conclusions under Rule 298, Texas Rules of Civil Procedure. Among others the trial judge was requested to find:

4. On February 23, 1967, Mrs. Spitzmiller left Buffalo, N. Y., with her two children with the intent of returning to Texas and living there permanently.

"5. Olive Hershey Spitzmiller arrived in Texas on February 23, 1967, with the intention of making said state her permanent home, and has continuously lived in Texas with her children since said date, and has filed her income tax returns in Texas,

secured a Texas driver's license, registered her car in Texas, qualified to vote in Texas, sold her home in Buffalo, New York, and shipped all of her personal property from Buffalo, New York, to Texas (or to her sister in Boston).

"10. On March 2, 1967 (date of suit) and March 4, 1967 (date of service) and at all times since February 23, 1967, Olive Hershey Spitzmiller and her children have resided and have been domiciled in Texas.

The request for additional findings and conclusions was denied; the reasons for the denial were stated: 1) Most of the items are embodied in the filed findings and conclusions heretofore entered; 2) do not represent the true findings of this judge, or 3) cannot be justified by the record in this cause.

Appellant's eleventh point of error states: "The trial court erred in failing to make an independent determination that appellant and her children were domiciled in Texas at all relevant times, and, instead, relied on the finding of the Buffalo court."

We sustain this point. The Texas court is obliged by Article IV, Section 1, of the Constitution of the United States and statutes enacted thereunder to give full faith and credit to the New York decree, provided the New York court had jurisdiction over appellant in personam. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953). It is well established that appellant had the right to impeach that decree collaterally in another state by proof that the court which entered the decree had no jurisdiction. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951); Burleson v. Burleson, 419 S.W. 2d 412 (Houston 14th Civ.App. 1967, no writ).

We hold that there is sufficient evidence in the record of the Texas hearing to raise a fact issue as to whether Mrs. Spitzmiller was domiciled in Buffalo or Houston on March 2 and March 4, 1967; if in Houston, the New York decree is not entitled to full faith and credit. May v. Anderson, supra. She was entitled to have the Texas court make an independent determination of that issue, but the Texas court's finding that there was evidence to support the finding of the New York court that appellant was domiciled in New York on the material dates together with the court's declining to make independent findings as to her domicile, show that appellant has not been afforded an opportunity to make a proper presentation of her case in this court. Rules 298 and 299, Texas Rules of Civil Procedure; Groves v. Rosenthal, 371 S.W.2d 792 (Houston 1st Civ.App. 1963, writ ref., n.r.e.).

Appellant's tenth point of error avers, among other things, that the trial court erred in finding that the best interests of the children were served by awarding custody to appellee, because such finding is against the great weight and preponderance of the evidence.

The older child, Robert Spitzmiller, III, was born on September 30, 1962, and Lisa was born on November 4, 1965, so his age was 5½ years and hers was 2½ years at the time of the Texas hearing. Viewing the testimony of the parties (who were the only witnesses in the habeas corpus hearing), as a whole, we hold that the evidence was insufficient to support the finding in question. There is very little reason in the record why Mrs. Spitzmiller should not be entrusted with the care of these two small children. The only testimony which might be considered critical of her was that Mr. Spitzmiller felt she spent too much time on social, musical, hospital and school activities, that she often hired children from the neighborhood to look after the children of the parties and that when she left the appellee it was without notice and her only explanation was that she no longer loved him. Appellee also testified that he had

nothing to tell the court that would lead one to believe she is not a fit mother. "A mother's care is one of the paramount factors in determining the best interest of a young child in an award of custody. Hence, as between the parents, and everything else being equal, it is ordinarily proper and desirable to award children of tender years to the mother, unless good reason exists for other disposition, such as unusual circumstances affecting the child's best interest and welfare." 20 Tex.Jur.2d, Divorce and Separation, § 327 (1960).

The rule of law giving the mother the preference in awarding the custody of young children has been forcefully laid down in many Texas cases. See those cited in Longoria v. Longoria, 324 S.W.2d 244 (San Antonio Civ.App. 1959, writ dism., w. o. j.).

Our rulings as noted make it unnecessary for us to rule on any of appellee's counterpoints except his third one. It asserts that the rule of res judicata bars a further determination of the issues of jurisdiction and custody, since a final judgment has been entered in a separate action for custody brought by the appellant and the appeal from the judgment has been withdrawn.

The judgment referred to is the one described in the trial court's finding of fact No. 7. In it the court merely declined jurisdiction and abated the cause which was appellant's petition for temporary custody. The transcript reflects that three days later appellee filed his petition in this habeas corpus proceeding. We overrule the counterpoint. The judgment abating appellant's cause and declining jurisdiction did not amount to a determination of the issues of custody or of the jurisdiction of the New York court.

The rulings which we have stated make it unnecessary for us to rule on the parties' other points. For the reasons set out in this opinion, the judgment of the Trial Court is reversed and the case is remanded for a new trial.