Joseph **HARRIS,** Alias Gypsy Joe Harris and Willie Reddish, Appellants,

v.

Kenneth **HAYLES,** Tommy W. Bullock and Peggy Bullock, d/b/a Greater Dallas Sports Association, Appellees.

No. 7911.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 24, 1968.

J. Glenn Turner, Jr., Turner, Hitchins, McInerney, Webb & Hartnett, Dallas, for appellants.

Phil Burleson, Abney & Burleson, Dallas, for appellees.

CHADICK, Chief Justice.

This is a breach of contract suit filed in a district court of Dallas County, Texas. A default judgment for the plaintiffs is reversed and the case remanded to the trial court.

The plaintiffs' petition alleged each defendant to be a resident of the State of Pennsylvania, engaged in and doing business but not maintaining a place of regular business in the State of Texas; (but the petition contains no allegation that defendants had no designated agent for service in the state). The plaintiffs caused a citation, accompanied by a copy of the plaintiffs' petition, to be served on the Texas Secretary of State, in his statutory capacity as each defendant's agent for service of process, on the assumption that valid service of process could be accomplished under the terms of Tex.Rev.Civ.Stat.Anno. art. 2031b, § 3.

Although the citation the plaintiffs caused to be served on the Secretary of State commanded the defendants to appear and answer the plaintiffs' petition, the defendants neither appeared nor answered, and default judgment was rendered against them in due course. The defendants timely instituted this appeal by writ of error, filed a transcript, and here question the jurisdiction of the trial court to render judgment binding upon them, on the ground that the jurisdiction of the trial court does not appear on the face of the record. Under this direct attack, relevant authority requires that the judgment be reversed unless jurisdiction does so appear. McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965).

When a nonresident natural person engages in business in the State of Texas but does not maintain a place of regular business in the state or designate an agent therein upon whom service may be had, the act or acts of engaging in business is deemed equivalent to an appointment by the person of the Texas Secretary of State as such person's agent upon whom service of process may be made in any action, suit or proceeding arising out of such business done in the state. Tex.Rev.Civ.Stat.Anno. art 2031b. Thus for the purpose of service of citation the Secretary of State is substituted for the party defendant. On examination of the record presented for review it is apparent that the plaintiffs' plead-

ings do not allege a basis for substitute service authorized by the mentioned statute. The deficiency in the pleading lies in its failure to allege that the defendants had no designated agent for service in the State of Texas. McKanna v. Edgar, supra. Examination of the remainder of the record does not show due service of citation on the defendants, unless recitals in the default judgment may be considered in determining the validity of substitute service of citation.

The recitals in the default judgment imply that evidence was heard, and state fact findings that the defendants were nonresidents engaged in business in the State of Texas, but that the defendants did not maintain a place of regular business in the state or have a designated agent for service of process therein. In Flynt v. City of Kingsville, 82 S.W.2d 934 (Tex. Com.App.1935, opin. adopt.), it is said:

"On an appeal from a default judgment the record must show an appearance by the defendant or due service of citation independent of the recitals in the judgment. 3 Tex.Jur. p. 407, § 290; Hart v. Weatherford, 19 Tex. 57; Bomar v. Morris, 59 Tex.Civ.App. 378, 126 S.W. 663; Friend v. Thomas (Tex.Civ.App.) 187 S.W. 986; Doak v. Biggs (Tex.Civ. App.) 235 S.W. 957; Glasscock v. Barnard, 58 Tex.Civ.App. 369, 125 S.W. 615, 616; Carlton v. Miller, 2 Tex.Civ.App. 619, 21 S.W. 697. See, also, article 2278, Rev.Stat.1925; Steger v. May (Tex.Civ. App.) 202 S.W. 989; Ware v. Clark, 58 Tex.Civ.App. 356, 125 S.W. 618; Daugherty v. Powell (Tex.Civ.App.) 139 S.W. 625; De Proy v. Progakis (Tex.Com. App.) 269 S.W. 78."

Valid service of the citation in a case unquestionably is a prerequisite to a default judgment therein. The Flynt case, those it cites, and many others to be found in the Reports, stand for the proposition that jurisdiction of a court to render a default judgment is not sustained by the judgment recitals, that is, the jurisdiction of the court must appear outside the judgment recitals and from other sources on the face of the case record. Independent of the recitals in the default judgment in this case, the face of the record does not show that substitute service of citation on the Texas Secretary of State was authorized by law. It follows that jurisdiction of the trial court over the persons of the defendants is not shown on the face of the record. The judgment is reversed and the case remanded to the trial court.