**Mary Tonya FORMAN, Appellant,**

v.

**Jacob Sigmund FORMAN, Appellee.**

**No. 808.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 6, 1973.

Michael T. Garrett, Garrett & Hartley, Clovis, N. M., R. Wayne Swift, Galveston, for appellant.

Mark S. Richards, Ervin A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

COULSON, Justice.

The 56th District Court of Galveston County, Texas entered a final judgment giving full faith and credit to a final decree of divorce and division of community property entered by the District Court, County of Santa Fe, New Mexico. The plaintiff has appealed such final judgment, that the plaintiff take nothing, entered by the District Court of Galveston County, Texas. We affirm.

On August 25, 1970, a final decree of divorce and division of community property designated "Supplemental Decree of Divorce" was entered by the District Court, 1st Judicial District of the State of New Mexico, within and for the County of San-

ta Fe in Cause No. 40791, entitled Jacob Sigmund Forman v. Mary Tonya Forman. Pursuant to the orders contained in such "Supplemental Decree of Divorce" the said Mary Tonya Forman executed and delivered to Jacob Sigmund Forman a deed dated September 3, 1970 quitclaiming property in Galveston County, Texas. In the suit at bar, Mary Tonya Forman on January 17, 1972, petitioned the District Court of Galveston County, Texas to declare said quitclaim deed to be of no force and effect. Mary Tonya Forman contended the New Mexico court lacked jurisdiction over the Texas property. She further attacked the New Mexico judgment as being an inequitable division of community property being induced through fraud, misrepresentation and insufficient evidence. In the case at bar, the defendant, Jacob Sigmund Forman, filed a motion for summary judgment to which he attached a certified transcript of the proceedings in the New Mexico court. The District Court of Galveston County, Texas granted said motion and entered judgment that Mary Tonya Forman take nothing of Jacob Sigmund Forman. This appeal is from said judgment.

■ The judgment of the New Mexico court is being collaterally attacked by Mary Tonya Forman. A Texas court may consider a collateral attack upon a judgment entered by a court of another state only if such judgment is void. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942), cert. denied, 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943).

The Constitution of the United States art. IV, sec. 1, provides in part:

"Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State . . . ."

■ The Texas court may examine the facts to determine if there existed in the other state jurisdiction to enter the decree which is collaterally attacked. Burleson v. Burleson, 419 S.W.2d 412 (Tex.Civ. App.-Houston (14th Dist.) 1967, no writ). An examination of the certified transcript from the District Court of New Mexico reveals that said court had jurisdiction over the parties and the property and the judgment of said court is not void. Jacob Sigmund Forman and Mary Tonya Forman were married in Galveston, Texas on or about July 13, 1962. There were three children of said marriage. The family continued to live in Galveston, Texas until moving to Santa Fe, New Mexico in May of 1968. On June 2, 1969, Jacob Sigmund Forman filed suit for divorce against Mary Tonya Forman in the District Court of New Mexico. The said Mary Tonya Forman filed an answer and counterclaim in the New Mexico court wherein she sought divorce from Jacob Sigmund Forman, custody of the minor children, child support, alimony, attorney's fees and an order of the court dividing the community property and allocating community debts. Trial was held on June 22, 1970 before the said District Court of New Mexico. On June 24, 1970, a decree was entered by said New Mexico court reflecting that the parties appeared in person and through their attorneys and the court heard testimony from which the court concluded as a matter of law that the court had jurisdiction over the parties and the subject matter. The order entered on June 24, 1970, granted a divorce to Jacob Sigmund Forman from Mary Tonya Forman; however, the court reserved jurisdiction over all other matters involved in the action including but not confined to a determination, disposition and award of community and separate properties and indebtedness of the parties. On June 23, 1970, the parties filed with said District Court of New Mexico a stipulation listing in detail the various items of separate and community property of the parties, which list included the properties described in the suit instituted by Mary Tonya Forman against Jacob Sigmund Forman in the District Court of Galveston County, Texas. On June 26, 1970, the par-

ties stipulated that Theodore Waterman of Galveston County should appraise all improved and unimproved real property located in the State of Texas and that the originals of said appraisals be filed with the court and that the parties should be bound by the values so determined. Thereafter, on August 25, 1970, the said District Court of New Mexico entered the said "Supplemental Decree of Divorce" reflecting that Theodore Waterman had completed the appraisal which was admitted in evidence and that the court had before it testimony, evidence and stipulations of the parties relating to the separate and community properties and indebtedness of the parties. The New Mexico court in said August 25, 1970 decree proceeded to order a disposition of all such properties and debt in detail.

Mary Tonya Forman did not at any time indicate to the District Court of the 1st Judicial District, County of Santa Fe, State of New Mexico, dissatisfaction with said court's judgment nor did she appeal from said judgment. Said judgment is not void and cannot be attacked collaterally in the district court of Galveston County, Texas.

The various issues raised by Mary Tonya Forman by her petition in the District Court of Galveston County, Texas were tried and disposed of by the District Court of Santa Fe, New Mexico. The judgment of the said District Court in New Mexico was carefully and thoughtfully entered after all parties had been granted due process and a fair trial. Matters which have been fairly tried before a court with jurisdiction cannot thereafter be tried in another court. McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722 (1961); Neill v. Neill, 386 S.W.2d 642 (Tex.Civ.App.-Austin 1965, writ dism'd).

The judgment of the District Court of Galveston County, Texas is affirmed and the costs herein are taxed to the appellant Mary Tonya Forman.