**B. R. MOODY, Appellant,**

v.

**FIRST NATIONAL BANK OF DONA ANA COUNTY, Appellee.**

No. 16544.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 6, 1975.

Rehearing Denied Dec. 4, 1975.

Ellis F. Morris, Houston, for appellant.

Neil E. Weinbrenner, Las Cruces, N. M., William E. Hall, Jr., Daniel M. Roberts, Jr., Houston, for appellee.

PEDEN, Justice.

Appeal by defendant B. R. Moody from a summary judgment rendered in favor of the First National Bank of Dona Ana County, New Mexico, in its Texas suit to enforce a judgment of a New Mexico district court pursuant to the full faith and credit clause of the United States Constitution, Art. 4, § 1, U.S.C.A. Moody contends that he was entitled to show in the Texas court that the New Mexico court lacked personal jurisdiction over him even though he entered a special appearance there. We affirm.

The New Mexico judgment was entered in the bank's suit on a promissory note executed by M. H. Moody and on a guaranty agreement signed by B. R. Moody. M. H. Moody is a resident of New Mexico, and B. R. Moody is a resident of Texas, where he was served by a deputy sheriff with citation in the New Mexico suit. The exemplified judgment of the New Mexico court recites that B. R. Moody's special appearance and motion to dismiss the complaint were denied. The affidavit of Bernice Maynez, clerk of the District Court of Dona Ana County, New Mexico, certifies that the copies of B. R. Moody's special appearance, his motion to dismiss the complaint, and the court's order overruling them are true and correct and were entered in the suit against him in New Mexico. The order overruling his special appearance recites that B. R. Moody is subject to the jurisdiction of the court under the provisions of Section 21–3–16 N.M.S.A. (1953 comp.). After B. R. Moody's special appearance was overruled, he apparently did not contest the suit on its merits. Judgment was entered jointly and severally against him and his father.

The bank filed suit on the judgment in Texas and filed a motion for summary judgment supported by (1) an exemplified copy of the New Mexico judgment, (2) an affidavit of an officer of the bank that the judgment has remained unsatisfied, and (3) an affidavit of the clerk of the District Court of Dona Ana County, New Mexico. B. R. Moody filed an affidavit in opposition to appellee's motion for summary judgment. In it he made several allegations: 1) he has neither resided in nor transacted business in New Mexico in the last ten years; 2) he executed the instrument in question in Texas and mailed it to New Mexico to the bank or to his father; 3) he executed it as an accommodation.

Moody's two points of error are that the trial court erred in rendering summary judgment against him because 1) there is a substantial fact question raised by the pleadings and affidavit, and 2) because the New Mexico judgment is not entitled to full faith and credit under the Constitution of the United States since the New Mexico court lacked personal jurisdiction over him.

■ The bank's burden of proving the validity and finality of the New Mexico judgment was discharged when the bank placed in evidence a properly authenticated copy of the judgment which on its face appears to be a valid final judgment of a court of general jurisdiction. *Harris v. Harris*, 403 S.W.2d 445 (Tex.Civ.App.1966, writ ref. n. r. e.).

"The burden of attacking the judgment and establishing reasons why it should not be given full faith and credit, such as lack of jurisdiction of the person of the defendant, shift[s] to the defendant. . . ." *Hamilton v. Newberry*, 412 S.W.2d 801 (Tex.Civ.App.1967, writ ref. n. r. e.).

■ As movant for summary judgment, the bank had the burden of proving its case as a matter of law with competent

summary judgment proof. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970).

"In an action on a motion for summary judgment, where the motion is supported by affidavits, depositions and other extrinsic evidence sufficient on their face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate protection." *Allen v. Western Alliance Insurance Co.*, 162 Tex. 572, 349 S.W.2d 590 (1961).

We presume that the court of general jurisdiction in a sister state had jurisdiction over the cause and the parties unless and until such jurisdiction is disproved by extrinsic evidence or by the record. *Gunther v. Gunther*, 478 S.W.2d 821 (Tex.Civ.App.1972, writ ref. n. r. e.). Appellant relies on the case of *Hamilton v. Newberry*, 412 S.W.2d 801 (Tex.Civ.App.1967, writ ref. n. r. e.), for the contention that there did not exist such "minimum contacts" with the State of New Mexico to justify personal service on a nonresident defendant by a "long arm" statute.

The bank contends that Mr. Moody cannot attack the lack of jurisdiction because the issue was decided in the District Court of New Mexico upon special appearance, and that court's ruling against him was not appealed, so it is res judicata of the issue. The United States Supreme Court stated in *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963):

"However, while it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even

as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.

"With respect to questions of jurisdiction over the person, this principle was unambiguously established in *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244. There it was held that a federal court in Iowa must give binding effect to the judgment of a federal court in Missouri despite the claim that the original court did not have jurisdiction over the defendant's person, once it was shown to the court in Iowa that that question had been fully litigated in the Missouri forum. 'Public policy,' said the Court, 'dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause.' 283 U.S. at 525–526, 51 S.Ct. at 518, 75 L.Ed. 1244."

In that case the Supreme Court held that where the Nebraska state court had determined that it had jurisdiction over a suit to quiet title to land situated on the Missouri River, the Federal District Court sitting in Missouri was not also free to determine whether the Nebraska court had jurisdiction over the subject matter.

"It has been held that a direct adjudication by the courts of one state that the court which rendered a certain judgment had the requisite authority and that the parties were legally brought before the court is conclusive on the question in every other state." 50 C.J.S. Judgments § 893c(2), p. 505.

Cases following this rule in a number of state courts and in the federal courts are cited.

The Restatement of Judgments, § 9 states:

"Where a defendant appears in an action to object that the court has no jurisdiction over him and the court overrules the objection and judgment is rendered against him, the parties are precluded from collaterally attacking the judgment on the ground that the court had no jurisdiction over the defendant."

Illustration 1 under Comment a. of § 9 is:

"A brings an action in State X against B. B enters a special appearance in the action and moves to dismiss it on the ground that he was domiciled in State Y and was not personally served with process in State X and had not otherwise subjected himself to the jurisdiction of the court. The court finds as a fact that B was domiciled in State X and was served with process in State Y in accordance with the terms of a statute of State X and dismisses the motion. B declines to interpose any further defense and judgment is rendered against him. In an action on the judgment by A against B in State X or in State Y, B is precluded from defending the action on the ground that at the time of the first action he was domiciled in State Y and that the court in that action had no jurisdiction over him."

In several cases it has been held that when it is sought to enforce a judgment in another state, the facts may be examined in the enforcing court to determine whether the rendering court had jurisdiction to enter the decree of which full faith and credit is sought. *Williams v. State of North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577; *Spitzmiller v. Spitzmiller*, 429 S.W.2d 557 (Tex.Civ.App.1968, writ ref. n. r. e.); *Burleson v. Burleson*, 419 S.W.2d 412 (Tex. Civ.App.1967, no writ). In each of those cases the defendants did not make a special appearance in the first state court to contest its jurisdiction, so that question was first raised in the second state when the plaintiffs sought to enforce their original judgments.

 We hold that Moody is not entitled to relitigate the issue of jurisdiction of the New Mexico court, but is bound by that court's determination. Having entered a special appearance in the New Mexico court and having failed to appeal the trial court's ruling that it had jurisdiction over him, he has let the judgment become final and is bound by the court's ruling.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.