Robert T. JACKSON et al., Appellants,

v.

James L. RANDALL, Appellee.

No. 8352.

Court of Civil Appeals of Texas, Texarkana.

Sept. 28, 1976.

Rehearing Denied Nov. 30, 1976.

Mark Davenport, Atwell, Cain & Davenport, Dallas, for appellants.

Wm. C. Herndon, Herndon, Girand & Dooley, Dallas, for appellee.

RAY, Justice.

This is a summary judgment case. Appellee (plaintiff), James L. Randall, brought suit against appellants (defendants), Robert T. Jackson and J. Harold Wilson, to enforce a final judgment of the Monroe County Supreme Court of the State of New York. All parties filed motions for summary judgment. The trial court rendered summary judgment in favor of Appellee Randall and denied appellants' motion for summary judgment. Appellants have perfected their appeal and submit five points of error for our consideration.

Appellee Randall obtained a default judgment in the New York court against appellants in 1972 for damages in the sum of $270,459.00, together with all costs. Appellee sought the enforcement of the New York judgment and the trial court found appellee entitled to a summary judgment.

Appellants have urged that the New York court default judgment is not entitled to full faith and credit because the New York court lacked jurisdiction over the appellants, "either in personam or through exercise of what is commonly referred to as 'long arm' jurisdiction pursuant to Section 302(a) C.P.L.R."

The allegations by Randall in New York were that appellants had conspired to defraud appellee by selling him 20,000 shares of Capital Oil Corporation of Dallas, Texas, and caused the shares to be issued in the State of New York without proper registration. In appellee's affidavit for summary judgment it was stated with regard to the New York case that:

> "The lawsuit as filed was an action to recover damages resulting from contractual breaches of a contract between Plaintiff and Defendants, and the fraudulent and tortious sale to Plaintiff of shares of the common stock of Capital Oil Corporation and which Defendants were its agents and/or officers or employees. The transactions involving the sale of the shares of the common stock of Capital Oil Corporation all occurred in the State of New York."

By reply affidavits, appellants stated that they had been at all times relevant to the lawsuit residents of the State of Texas; that they had never been within the jurisdictional boundaries of the State of New York in connection with any transaction with James L. Randall; that they had never done any act within the State of New York in connection with the sale to James L. Randall of Capital Oil Corporation stock; that they had never transacted any business in the State of New York relevant to the matters involved in the lawsuit; that they had never entered into any contract for the sale of Capital Oil Corporation stock with James L. Randall within or without the jurisdictional boundaries of the State of New York; and that they had never sold any stock to Randall or committed any fraudulent or tortious acts in connection with any sale of stock to Randall in the State of New York or in any other state.

■ Article IV, Section 1 of the Constitution of the United States provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. It is well established, however, that despite the provisions of the full faith and credit clause, Texas courts may examine the facts to determine whether or not a sister state had jurisdiction to enter a decree that is sought to be enforced in Texas. *Williams v. State of North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Burleson v. Burleson*, 419 S.W.2d 412 (Tex.Civ.App. Houston—14th Dist. 1967, no writ); *Spitzmiller v. Spitzmiller*, 429 S.W.2d 557 (Tex. Civ.App. Houston—1st Dist. 1968, writ ref'd n. r. e.).

The question before this court in its review of the summary judgment awarded to appellee is whether or not the appellee has established as a matter of law that the New York court had jurisdiction to enter its decree. Tex.R.Civ.P. 166–A. Resolution of the question depends in large part on the force to be given the foreign judgment. The Texas Supreme Court has recently written that where a judgment appears to be a valid final and subsisting judgment

entered by a court of general jurisdiction, its introduction into evidence makes a prima facie case for the parties seeking to enforce it, and the burden of going forward with the evidence is on the party resisting the judgment to establish that the foreign court did not have proper jurisdiction to render the decree. *Mitchim v. Mitchim*, 518 S.W.2d 362 (Tex.1975); *Moody v. First Nat. Bank of Dona Ana County*, 530 S.W.2d 879 (Tex.Civ.App. Houston—1st Dist. 1975, writ ref'd n. r. e.); *Hungate v. Hungate*, 531 S.W.2d 650 (Tex.Civ.App. El Paso 1975, no writ); *Hamilton v. Newbury*, 412 S.W.2d 801 (Tex.Civ.App. Dallas 1967, writ ref'd n. r. e.).

■ The Texas cases have not, however, traditionally afforded equal dignity to default judgments. While ordinarily, presumptions are indulged in support of a judgment, no presumptions are indulged in favor of a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (Tex.Com.App.1935, opinion adopted); *Harris v. Hayles*, 433 S.W.2d 250 (Tex.Civ. App. Texarkana 1968, no writ); *Aetna Casualty and Surety Co. v. Dobbs*, 416 S.W.2d 869 (Tex.Civ.App. Eastland 1967, no writ); *Bankers Life and Casualty Company v. Watson*, 436 S.W.2d 404 (Tex.Civ.App. Tyler 1968, writ ref'd n. r. e.). Jurisdiction of the foreign court to grant the default judgment must appear affirmatively on the face of the record. This rule was applied by the Dallas Court of Civil Appeals in *Country Clubs, Inc. v. Ward*, 461 S.W.2d 651 (Tex. Civ.App. Dallas 1970, writ ref'd n. r. e.) in refusing to enforce a foreign judgment. The Court held that the party seeking enforcement of a Kentucky judgment in Texas had not demonstrated strict compliance with the Kentucky long arm statute.

■ Conversely, where the jurisdiction of a foreign court to grant a default judgment appears affirmatively in the record, the burden is on the party who resists its enforcement to refute the decree's validity. Randall appeared pro se in the New York action, and did not present a particularly lucid factual background of his cause of action. Nevertheless, he did allege the essential jurisdictional facts required by the New York long arm statute to make out a prima facie case upon proper presentation of the judgment. The burden of going forward with the evidence then shifted to the appellants, Jackson and Wilson, to rebut the presumption of the validity of the New York judgment. In meeting this burden, the appellants have refuted by affidavit the applicability of each element of the New York long arm statute (New York Civil Practice Law and Rule, Sec. 302(a)).

■ The statements contained in appellants' controverting affidavits, if taken as true, produced evidence sufficient to justify a finding of the nonexistence of the presumed fact of jurisdiction. 1 McCormick & Ray, Texas Law of Evidence, Sec. 53, p. 62 (1956). In this case the appellants have succeeded in raising a fact issue concerning jurisdiction. The award of a summary judgment to the Appellee Randall must be reversed. Likewise, the existence of a fact issue as to jurisdiction raised by Randall and refuted by Jackson and Wilson precludes an award of a summary judgment to appellants. The case will be remanded for further proceedings to determine the fact issue of jurisdiction of the New York court to issue its decree.

■ Even had the appellants failed to raise a fact issue by way of their controverting affidavits, the summary judgment awarded to appellee would have at best been suspect. In the transcript submitted to this Court, no copy of the foreign judgment on which the appellee relies had been affixed to his motion for summary judgment or his affidavit in support of his motion. Rule 166–A(e), Texas Rules of Civil Procedure, requires that sworn or certified copies of all papers or parts thereof referred to in an affidavit be attached. Our Supreme Court has been called upon to apply this rule several times in recent years and has adhered to strict compliance. A motion for summary judgment must be supported by its own summary judgment proof and not by reference to the pleadings. The Rule is: If court records or other docu-

ments are relied upon by the movant, the originals or authenticated or certified copies of such records or documents must be attached to the motion or affidavit in support of the motion and not to the pleadings in order for such records or documents to constitute summary judgment proof. *Texas Nat. Corp. v. United Systems International, Inc.*, 493 S.W.2d 738 (Tex.1973); *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971); *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex. 1963); *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961); *Gist v. Stafford Hospital District*, Tex.Civ.App. Eastland, 541 S.W.2d 510; 1 Tex.Ct.Rpts. 539 (9/3/76).

The judgment of the trial court is reversed and the cause is remanded for a trial upon the merits.

## ON MOTION FOR REHEARING

Appellee Randall has filed his motion for extension of time within which to file his motion for rehearing. The opinion of this Court was delivered on September 28, 1976, and the last day for filing appellee's motion for rehearing fell on October 13, 1976, but the motion was not received by this Court until October 14, 1976. Attached to appellee's motion for extension of time was an affidavit of Verjean Craighead, personal secretary to appellee's attorney, in which affiant swore that she mailed the motion for rehearing to this Court on October 12, 1976. We consider the affidavit to be sufficient proof of the date of mailing under Rule 5 of the Texas Rules of Civil Procedure and have thus ordered appellee's motion for rehearing to be filed as of the date it was received. Since there is proof that the motion was timely mailed, the filing will be timely and appellee's motion for extension of time to file the motion for rehearing at a late date under Rule 21c is unnecessary. Appellee's motion for extension of time is dismissed.

We noted in our opinion that the original transcript did not contain or show that an authenticated copy of the New York Judgment had been attached to appellee's affidavit for summary judgment. A supple-

mental transcript containing the authenticated judgment has been forwarded to this Court by the Clerk of the trial court with the notation, "Filed as Attachment to Affidavit for Summary Judgment 7–26–74 but inadvertently omitted from original transcript." We have ordered the supplemental transcript filed in this Court.

Appellee's motion for rehearing has been considered and we find no reason to change our original opinion. Appellee's motion for rehearing is therefore overruled.